[L. A. No. 3764.    Department Two.—October 11, 1916.]

## FRANK SPIVOK, Respondent, v. INDEPENDENT SASH AND DOOR COMPANY (a Corporation), Appellant.

NEGLIGENCE — EMPLOYER AND EMPLOYEE — ROSEBERRY ACT—EMPLOYER WITHOUT FAULT.—The Roseberry Act (Stats. 1911, p. 796), does not impose a liability on an employer for an injury to an employee which occurred solely through the negligence of the employee without any fault of the employer.

ID.—PLACE OF WORK—REQUIREMENT AS TO SAFETY.—An employer is not required to furnish an employee an absolutely safe place in which to work. The place need only be reasonably safe, having regard to the character of the work.

ID.—CARPENTER WORKING ON SCAFFOLD—SAFE MEANS OF ACCESS—USE OF UNSAFE METHOD.—If one employed as a carpenter is furnished by his employer with a safe means of access to a scaffold on which he is required to work, and for his own convenience refuses to use it and adopts methods involving a needless risk, the employer is not liable for the resultant injuries to the employee.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.    C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Patterson Sprigg, for Appellant.

Luce & Luce, for Respondent.

HENSHAW, J.—Plaintiff recovered judgment following the verdict of a jury for injuries sustained under the following circumstances: He was a carpenter, in the employ of the defendant. There was a scaffold called a "canopy" used in connection with the work. This canopy was a platform attached to the building and about fourteen feet above the ground level. The canopy was used in connection with the wooden forms employed to hold the concrete in the construction of the building. The floor of the canopy could be reached by a stairway inside of the building leading to an upper floor, the canopy floor being four or five feet lower than the floor of the structure. There were ladders, however, which could

be used for the descent, or a workman could jump or swing himself down. Instead, however, the workmen, for their own convenience, seemed to have adopted another method of reaching the canopy. This was by a stepladder nine or ten feet long, which reached a "transom bar" three or four feet below the canopy floor. The workmen stepped from the ladder to the transom bar, and standing on the transom bar climbed on to the platform, which was about three feet higher than the transom bar. This climb was of course not difficult for any man and not unusual for one in the employment of a carpenter. Plaintiff had used this method of access to the canopy. Indeed, he had been at work upon the canopy for a day or two previous to his accident. Upon the canopy, and, indeed, this was one of the purposes of its use, were the forms for the concrete work, which were there piled up. The plaintiff upon the occasion of the accident had climbed the ladder, stood upon the transom bar, put one knee upon the canopy floor, and seized (doubtless by inadvertence) one of these forms in the effort to pull himself on to the platform. The form being loose, of course gave way and he was precipitated to the floor beneath, sustaining injury to his ankle.

The complaint charged a negligent construction of the scaffold because of which "the floor fell apart from said scaffold when grasped by the plaintiff." But all the evidence, including that of the plaintiff, discredited and disproved this charge, plaintiff himself and all of his witnesses testifying that the scaffold was properly constructed and was and remained perfectly firm. The second charge of negligence against the defendant avers that the defendant "furnished to the said plaintiff as a means of climbing upon said scaffolding a stepladder of such a defective and improper length, size, and construction as to compel him to reach from the top of said ladder a considerable distance to the floor of said scaffold in an effort to climb upon said scaffold, and the said defective and improper stepladder, together with the said above-mentioned unsafe, defective, and dangerous scaffold, caused the said plaintiff to fall to the ground."

It has been said that the scaffold was neither defective nor dangerous. It has been shown, and indeed must be conceded, that plaintiff did not meet with any injury because the ladder was defective. Indeed, at the time of his injury he had left the ladder and was standing securely on the transom beam.

It cannot successfully be contended that there was any hazard worthy of the name in a climb from the transom beam to the canopy floor. It is manifest that the proximate cause of the injury was the negligence of the plaintiff in grasping the loose form, which, doubtless, he thought was a fixed stanchion on the canopy. He was familiar with the work, with the place of labor, with the condition of the canopy platform, and from a better and safer means of approach to his work he himself deliberately selected this particular one. He could have gone up the stairway, as other of the workmen did, but he did not do so. An absolutely safe place of labor is not, of course, required of an employer. It is to be reasonably safe, having regard to the character of the work itself. Carpenters walk freely and unhesitatingly, and expect to walk, over floor joists before the floor is laid. One would not look to see a cause of action for injuries occasioned by an inadvertent slip of a carpenter walking over such floor joists, predicated upon the fact that the employer had not caused the floor to be laid so as to make the place of labor safe. So in this case it was not because the ladder was short that the plaintiff was injured. His cause of action might as well have been founded upon the fact that the defendant furnished him no elevator nor inclined plane to reach his work. Adequate appliances and methods were at hand. If the employees, for their own convenience, refuse to use them and adopt methods involving a needless risk, the employer is not liable. (*Brymer* v. *Southern Pacific Ry. Co.*, 90 Cal. 496, [27 Pac. 371]; *Thompson* v. *California Construction Co.*, 148 Cal. 35, [82 Pac. 367].)

The conclusion is unescapable that the employer in this case was without fault and that the injury occurred solely through the negligence of the employee. The case therefore does not come within the provisions of the Roseberry Act. (Stats. 1911, c. 399, p. 796.) The foundation of the rights under the Roseberry Act was "the want of ordinary or reasonable care of the employer." When the existence of this fact was proven, then the employer was not entitled to avail himself of the plea of contributory negligence of his employee, nor the latter's assumed risk of the hazard complained of; nor yet of the want of reasonable care of a fellow-servant. But in the case at bar no want of ordinary or reasonable care upon the part of the employer is shown.

The judgment and order appealed from are therefore reversed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.