[Civ. No. 9483. First Appellate District, Division Two.—June 4, 1934.]

A. F. ROSSLOW, Respondent, v. E. A. JANSSEN, Appellant.

Ivan N. Maroevich for Appellant.

H. C. Burnhill and Francis Gill for Respondent.

NOURSE, P. J.—At the hearing of respondent's motion to dismiss or affirm it was stipulated that the cause should be submitted on the merits. The appeal is from the judgment following a verdict for respondent. The appeal is presented on the judgment-roll supplemented by a stipulation of facts in lieu of a bill of exceptions.

From this stipulation it appears that while the respondent was employed by appellant he was injured; that in proceedings regularly had before the Industrial Accident Commission he was awarded compensation on the basis that appellant had wilfully failed to insure his employee; that a review of the order had been denied by the District Court of Appeal; that on the day before the cause was ordered to trial and a jury impaneled the appellant moved the

trial court to terminate the proceedings and for a continuance; that these motions were denied upon the understanding that the cause would be tried before the jury and that judgment on the verdict would be suspended pending determination of a new proceeding before the Industrial Accident Commission. The grounds of these two motions were that a petition to reopen the matter had just been filed and was pending before the Industrial Accident Commission and that appellant had a valid contract of compensation insurance covering respondent at the time of the injury. It further appears that at all times before the Industrial Accident Commission appellant contended that he carried no insurance covering respondent and that, in his verified petition to reopen the proceedings before the Industrial Accident Commission he alleged that he carried insurance covering the respondent and also that respondent was not an employee covered by the insurance. After the verdict was returned the Industrial Accident Commission denied appellant's petition to reopen the proceedings and that order became final by a denial of a review by the District Court of Appeal and by the Supreme Court. Thereafter the judgment on the verdict from which this appeal was taken was duly entered. The parties further stipulated that the original award of the Industrial Accident Commission has never been disturbed, set aside or molested by the Industrial Accident Commission or by the courts.

Though this is an appeal from the judgment the appellant confines his attack to the denial of his motions to terminate the proceedings and for a continuance. It should be emphasized that these are the only points raised on the appeal —that no error is assigned in the conduct of the trial, the sufficiency of the evidence or the instructions given or refused.

As to the first point, a termination of the proceedings would have been highly improper. Under section 29b of the Workmen's Compensation Act (Deering's Gen. Laws 1931, Act. No. 4749) the injured employee was permitted to bring the action for damages in any case where the employer failed to carry compensation insurance and this right may be exercised independently of any proceedings before the Industrial Accident Commission. Here the issue whether the employee was covered by insurance was joined

in the pleadings and it was an issue which might be determined therein irrespective of the proceeding pending before the Industrial Accident Commission.

■ A continuance under the circumstances presented was a matter addressed to the discretion of the trial court. Appellant has not shown that he was prejudiced by the denial of his motion. From all that appears the same result would have followed in a trial conducted after the Industrial Accident Commission had refused to reopen the matter. The appellant has failed to show any prejudicial error in either ruling complained of.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.