[Civ. No. 1806. Fourth Appellate District.—August 6, 1936.]

WM. N. GRAYBIEL, Appellant, v. CONSOLIDATED ASSOCIATIONS, LTD. (a Corporation), Respondent.

Halbert & Stone for Appellant.

Samuel Schwartz for Respondent.

JENNINGS, J.—This is a motion by respondent to dismiss the appeal or to affirm the judgment from which the appeal has been prosecuted. The motion is made pursuant to the provisions of section 3 of rule V of the rules adopted by the Judicial Council for the government of the Supreme Court and the District Courts of Appeal. The grounds of the motion are that the appeal was taken only for delay and that the questions upon which the decision of the cause depends are so unsubstantial as to require no further argument.

Examination of appellant's opening brief discloses that appellant as plaintiff instituted an action against respondent and two other defendants to recover damages for personal injuries sustained by appellant in an automobile accident. Appellant's second amended complaint contained two causes of action. Respondent interposed a demurrer both general and special to the complaint. The demurrer was sustained without leave to amend and a judgment dismissing the action as to respondent was thereupon entered. The appeal which is here sought to be dismissed was taken from this judgment.

It is properly conceded by appellant that only the first cause of action set out in the second amended complaint is important on this appeal since in it alone the pleader endeavored to state a cause of action against respondent. Reference to the transcript on appeal shows that it is first alleged in this cause of action that respondent is a California corporation which, at the time appellant was injured, was not carrying any workmen's compensation insurance as required by the Workmen's Compensation Insurance and Safety Act of the state of California, as amended by the state legislature in 1925. It is next alleged that on March 29, 1933, appellant was returning to his home in Turlock from a meeting of the directors of respondent held in Los Angeles the preceding day, that he was riding in an automobile which was then being operated by the defendant, Mabel Cleaveland, on a designated state highway, that the automobile in which he was riding was overturned as a result of which he sustained certain personal injuries which rendered it necessary for him to pay specified sums of money for hospital care, medical attention, medical supplies and nursing. It is then alleged that at the time the accident occurred appellant was a director of respondent corporation and was paid by respondent for attending the meeting of the board of directors "the

equivalent of the cost of transportation from Turlock to Los Angeles and return to Turlock by railroad, including Pullman on the train each way and hotel accommodations while in the city of Los Angeles and all meals from the time he left Turlock until his return, which sum so paid was approximately Thirty dollars ($30.00)'', that on the return trip he was using the services of the defendants' Cleaveland for his transportation, that as a result of the accident he became sick and was disabled for several months and suffered permanent injuries. It is further alleged that appellant is a regularly licensed and practicing attorney in the state of California and that by reason of the accident and his consequent injuries he was prevented from transacting his business as an attorney for a period of approximately three months, which caused him special damage in the amount of $1,000 and that because of the personal injuries which he sustained he has suffered physical pain and mental anguish and is entitled to compensation by way of general damages in the amount of $26,000. The pleading concludes with a prayer for judgment against respondent in the total amount of $27,465.53.

From the above-described allegations it appears that appellant, on March 29, 1933, was a director of respondent corporation residing in the city of Turlock and that he was returning to his home from a meeting of the board of directors of respondent which had been held in the city of Los Angeles the preceding day; that he had been paid by respondent for his services in attending said meeting a sum of money which was the equivalent of the cost of transportation by rail, including sleeping car accommodations, meals en route, and the cost of hotel accommodations and meals during the time he was required to be in the city of Los Angeles, which sum was approximately $30; that appellant elected to make the trip from Los Angeles to Turlock by automobile rather than by rail and accordingly became a passenger in the automobile which was being driven by the above-mentioned female defendant; that as he was thus returning to Turlock the automobile in which he was riding was overturned and he sustained various personal injuries for which he claims compensation.

From these allegations it is evident that no charge of negligence of any character is made either against respond-

ent or its codefendants. The pleading contains no intimation that anyone was guilty of negligence. The facts pleaded utterly fail to indicate that the cause of action attempted to be set out is in any respect grounded on negligence.

Appellant's opening brief indicates that it is his position on this appeal that he is not required to allege negligence in his complaint. He relies entirely on the allegation that respondent was not carrying compensation insurance at the time the accident occurred and bases his action on the provisions of section 29 of the Workmen's Compensation, Insurance and Safety Act of 1917 as amended in 1925. This contention renders necessary an examination of the provisions of the specified section of said statutes.

Section 29 (a) of the above-mentioned act provides that every employer shall secure the payment of compensation either by insuring and keeping insured against liability to pay compensation in one or more duly authorized insurance carriers or by securing from the state accident commission a certificate of consent to self-insure. Subdivision (b) of said section provides that if any employer shall fail to secure the payment of compensation either by taking out insurance against liability for compensation with duly authorized insurance carriers or by securing the accident commission's consent to self-insure, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the accident commission "and, in addition thereto, such injured employee or his dependents may bring an action at law against such employer for damages, the same as if this act did not apply". It is further specified that "in such action it shall be presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof shall rest upon the employer, to rebut the presumption of negligence". It is then provided that "In such proceeding it shall not be a defense to the employer that the employee may have been guilty of contributory negligence, or assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow servant."

From the above-mentioned provisions of section 29 (b) it is apparent that, upon the failure of an employer to comply with the requirements of the statute relating to securing payment of compensation for injuries to employees,

an injured employee is given two distinct remedies, either or both of which he may pursue. (*Marshall* v. *Foote*, 81 Cal. App. 98, 101 [252 Pac. 1075].) These remedies are: First, an application to the state accident commission for compensation, and, second, an action at law for damages. Since it is the second of these remedies which appellant has elected to pursue in the instant action we are here concerned only with the nature of this particular remedy. The statute does not attempt to analyze or specify the character of the remedy. It simply declares that the injured employee "may bring an action at law against such employer for damages, the same as if this act did not apply". However, certain language which occurs later in this same subdivision indicates that the action at law for damages which is preserved to the employee is an action which is based on the employer's negligence. As above noted, it is expressly provided that it shall be presumed that the employer's injury "was a direct result and grew out of the negligence of the employer" and that the burden of proof shall rest upon the employer to rebut this presumption of negligence. It is further expressly declared that the defenses of contributory negligence, assumption of risk, and negligence of a fellow servant shall not be available to the employer. These provisions which take from the employer the various specified defenses and particularly the common defense of contributory negligence and impose upon him the burden of rebutting the declared presumption of negligence which the act specifically fastens upon him leave no doubt that the action at law for damages which is expressly reserved to the injured employee is one that is based upon negligence.

However, it may not be contended with any hope of success that, because the act expressly provides that it shall be presumed that the employee's injury was caused by the employer's negligence, therefore in this action to recover damages it is not necessary to charge negligence or to allege facts from which an inference of negligence is justified. It is expressly provided that the presumption of negligence which is declared to exist is a rebuttable presumption. Such a presumption is evidence. (10 Cal. Jur., p. 744.) The rule or principle which permits indulgence in such a presumption is a rule of evidence. (*People* v. *Goddard*, 47 Cal. App. 730, 734 [191 Pac. 1012].) It is not a canon of pleading.

When the trial court was considering the general demurrer filed by respondent to the second amended complaint the duty was imposed upon the court of testing the sufficiency of the complaint by the established rules of pleading. Rules of evidence could have no place in such a consideration. Rules of evidence apply to a trial of issues of fact. Respondent's general demurrer necessarily assumed the truth of all material facts alleged in the complaint. A disputable presumption whose effect was simply to relieve appellant from the necessity of proving that respondent was negligent and that such negligence was the proximate cause of appellant's injuries could not extend further and relieve him also of the burden of setting out in his pleading proper allegations which would show a cause of action which he proposed later to substantiate by the production of evidence.

Appellant presents another contention in his opening brief which we think is not required to be determined on this motion to dismiss the appeal. He maintains that as a director of the respondent corporation he was an employee of the corporation within the language of the compensation act and that, since he was paid by the corporation a sum of money which was the equivalent of his transportation expenses by rail from his home to Los Angeles and return, plus expenses for meals and charges for hotel accommodations for his services in attending the meeting of the board of directors in the city of Los Angeles, his status as an employee of respondent is clearly fixed by the provisions of section 8 (a) of the act which declares that "members of boards of directors of . . . private corporations while rendering actual service for such corporation for pay" are regarded as employees under the statute and are entitled to the rights and privileges given to employees by the terms of the compensation act.

We entertain the opinion that it is not here necessary to give consideration to this contention since even if its correctness be assumed he is nevertheless not relieved from the duty imposed upon any plaintiff in an action at law to set out a cause of action in his initial pleading. If, then, it be assumed that he occupied the favored status of an employee under the language of the compensation act and was entitled, under the provisions of section 29 (b), to bring an action at law for damages he was none the less required to present

a complaint that would not be obnoxious to a general demurrer. The act nowhere suggests that an injured employee to whom is reserved the right to demand compensation for his injuries in an action at law is permitted the unheard-of privilege of declaring in his complaint in such an action nothing more which would tend to fasten liability on the defendant corporation than that it was not carrying compensation insurance when the injuries were sustained.

 Appellant further complains that he was given no opportunity to amend the pleading upon the sustaining of respondent's demurrer thereto. In this connection, it is urged that he was given no notice of the making of the order sustaining the demurrer or of the entry of judgment. It is apparent that he suffered no detriment by reason of having received no notice of entry of judgment, since he took his appeal therefrom promptly. With respect to his having been given no notice of the sustaining of the demurrer to his complaint, although it is true that the transcript contains no showing that formal notification of the trial court's action was given to appellant, nevertheless it does not appear that he lacked actual notice of the making of the order. So far as appears, he may have been present in court at the time the demurrer was sustained and had ample opportunity to ask leave further to amend. It also appears that a period of five days elapsed between the making of the order sustaining the demurrer and the entry of judgment. Under the circumstances disclosed by the record it may not successfully be contended that appellant was deprived of a reasonable opportunity to ask leave to amend. (*Haddad* v. *McDowell*, 213 Cal. 690 [3 Pac. (2d) 550].) Furthermore, it should be observed that the pleading to which the trial court sustained the demurrer is entitled "Second Amended Complaint." The caption indicates that it was at least the third effort made by appellant to state a cause of action. This circumstance alone impels the conclusion that ample opportunity was afforded to appellant to present a proper pleading and dispels any intimation that the trial court in sustaining the demurrer without leave to amend acted arbitrarily and capriciously thereby abusing the very wide discretion with which it is vested in the matter of permitting amendment to pleadings.

28

Finally, some consideration should be given to what appellant in his opening brief declares he would have added to his second amended complaint if the court had permitted further amendment of the pleading. He states that if he had been given the opportunity he would have alleged in his first cause of action that at the time the accident occurred he was an attorney in the employment of respondent for compensation and that, at the meeting of the board of directors which he had attended in Los Angeles, he had been duly authorized by the directors to perform certain legal services for respondent and further that, at the time he was injured, he had in his possession certain documents which had some relation to the service which he had been authorized to perform and for which he was to be compensated.

It is obvious that such an amendment would have a bearing solely on the feature of appellant's status as an employee of respondent at the time the accident occurred. There is still no suggestion that respondent was guilty of any negligence or, for that matter, of any tort which would render it liable to compensate appellant for his injuries. There is still no allegation that any relationship existed between respondent and the persons in whose automobile appellant was riding when it was overturned. There is likewise no allegation in the first cause of action that either of these persons was guilty of any negligence or of any other tort which caused the injuries of which appellant complains. If, therefore, it be assumed, for the sake of argument, that the trial court erred in sustaining respondent's demurrer without leave to amend and that appellant should have been permitted to amend his second amended complaint in the manner which he has indicated, the pleading when deemed amended by the addition of the various allegations suggested by appellant is nevertheless fatally defective and clearly vulnerable to the attack presented by respondent's general demurrer.

Respondent's motion for dismissal of the appeal is therefore proper and it is ordered that the appeal be dismissed.

Barnard, P. J., and Turrentine, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 5, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936.