[Civ. No. 5472. Third Appellate District.—November 27, 1936.]

GLENN LEWIS, Respondent, v. JAMES CURRAN, Appellant.

Edward L. Kellas, Frank C. Lerrigo and John W. Guerard for Appellant.

James W. Campbell and G. L. Aynesworth for Respondent.

PLUMMER, J.—Action for damages in which the plaintiff had judgment, and from which judgment the defendant appeals.

For many years the defendant has been a grain farmer in the county of Madera, with an annual payroll exceeding $2,500, thus bringing him within the provisions of the Workmen's Compensation Insurance and Safety Laws, even though the defendant had not complied with the provisions of that act.

After proceedings were had before the Industrial Accident Commission, and an award was made in favor of the plaintiff, the plaintiff began this action based upon subdivision "B" of section 29 of the laws just referred to. That section provides that if any employer shall fail to secure payment of compensation, any injured employee, or his dependents, may proceed against such employer by filing an application for compensation with the commission, and in addition thereto may bring an action against such employer for damages. The section then specifies that the action shall be prosecuted in accordance with the provisions of the Code of Civil Procedure. The subdivision of the section also provides that "it shall be presumed that the injury to the employee was

a direct result, and grew out of the negligence of the employer, and the burden of proof shall rest upon the employer to rebut the presumption of negligence. In such proceeding it shall not be a defense of the employer that the employee may have been guilty of contributory negligence, or assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow-servant.''

The plaintiff had been an employee of the defendant for some years preceding the receipt of the injury upon which this action is based. It appears from the record that during the year 1933, the plaintiff was directed to overhaul a certain ''Best 60'' tractor, and thereafter to operate it during the seeding season of 1933. After overhauling the tractor the plaintiff was put in charge as the operator thereof. After plowing for about three weeks the plaintiff was injured. The injury to the plaintiff was occasioned in the following manner: A spark-plug wire came off of the No. 1 cylinder of the engine. The pulling power of the tractor being so lessened, the tractor would not pull the load of five plows. Plaintiff attempted to stop the tractor and disengage the clutch, but the same would not release. The plaintiff then took a crankbar, a steel bar about two and one-half inches in length and about one inch in diameter, and thrust it against the moving back plate of the clutch to break it loose and in so doing the bar was caught in the clutch and thrown against the plaintiff's face, injuring his right eye to such an extent that the plaintiff has lost the sight thereof. The jury returned a verdict of $10,000, and the court allowed an attorney fee of $500 as provided in the subdivision of the section cited, *supra*. We may state that the amount of the award of the Industrial Accident Commission is by the laws, *supra*, allowed as a credit against any such judgment.

Upon this appeal it is urged that the second amended complaint fails to state a cause of action. This attack is directed against paragraph 11 of the complaint, which reads as follows:

''That within two years last past, at the special instance and request of defendant, plaintiff performed work and labor for defendant upon defendant's farm in the County of Madera; that plaintiff was required by defendant to operate a certain tractor commonly known as a 'Best 60', but because of defendant's negligence and carelessness said tractor was

not operating properly and was badly in need of repairs; that while plaintiff was so operating said tractor, and by reason of the fact that said tractor was out of repair, the clutch upon said tractor stuck, and plaintiff, in an attempt to disengage said clutch and stop said tractor from operating, used the crank bar and, by reason of the fact that said tractor was out of repair, said crank bar was caught in the machinery and it flew back and hit plaintiff in the face and broke and burst plaintiff's right eye ball, cut a deep gash across plaintiff's right face and cheek underneath the right eye, broke plaintiff's right cheek bone in two places, and also broke plaintiff's nose; that plaintiff thereby entirely lost the sight of his right eye; that by reason of the injuries so received, plaintiff has been unable to work since the day of the injuries, and will be permanently disfigured and injured; that defendant has full knowledge of the fact that said tractor and said clutch had been for a long time, and then were in need of repair.''

An examination of the transcript reveals that the theory upon which the action was tried brought home to the appellant full knowledge of every phase of the case upon which the plaintiff relied, and that the defendant likewise had a full and complete opportunity to present his defense to every part thereof. The paragraph which we have quoted may not be technically as full and complete as it might have been made, but it does exhibit the fact that the action was based upon the defective condition of the tractor which was allowed to remain and be operated in that condition by the negligence of the defendant in not having necessary repairs made thereto. The record shows fully that the action was tried upon the theory that the tractor was defective, and on the part of the appellant it was urged that notwithstanding the alleged defective condition of the tractor, the injury to the plaintiff was caused by his independent, negligent act in attempting to disengage the clutch by striking it with an iron bar which was ordinarily supplied and used for cranking the engine. It is evident from the record and the testimony introduced that the defendant was not misled in any particular by reason of any defective pleading in this action. Under such circumstances section 4½ of article VI of the Constitution comes to the assistance of the plaintiff in specifying that no judgment shall be reversed, etc., for

any error as to any matter of pleading, unless the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.

In the operation of the tractor it became the duty of the plaintiff to disengage the clutch, which the testimony shows had been allowed to remain for several days in a defective condition. There is much testimony in the record and cited by appellant for our consideration, that the tractor might have been stopped and thereafter the clutch disengaged without the use of the iron bar, and that to some extent the sticking of the clutch might be obviated by washing the same with gasoline. In this respect, however, the testimony fails to show that washing with gasoline would allow the clutch to be disengaged where the lining of the clutch was defective or considerably worn. The testimony in this case shows that the lining of the clutch was considerably frayed, and on one side of one of the discs was practically worn out. The testimony of the plaintiff may be summarized as follows:

After the tractor was partially repaired, and on November 2, 1933, while the plaintiff was operating the same in seeding operations upon appellant's ranch, the spark-plug wire came off on No. 1 cylinder of the engine. The plaintiff attempted to stop the tractor, but the clutch on the tractor stuck and he was unable to stop the tractor's forward movement, so he used the crank-bar in attempting to disengage the clutch. The clutch was badly out of condition and repair and needed refacing. This method had been used to release the clutch for some time. A week or so before the accident the plaintiff had notified the appellant that the clutch was out of repair. Instead of repairing the clutch the appellant suggested that the tractor be operated until all the seeding was done, and then he would have the tractor repaired. In order to repair the clutch it was necessary to procure and install new facings which would take about two days and a half. In repairing the tractor in the first instance the plaintiff was advised by the appellant not to put in any new parts, but to get the tractor in shape so that it would run through the seeding time; that the tractor was not in good condition. The plaintiff also testified that under the circumstances, in order to shift gears or try to stop a tractor in that condition, there is some probability of getting hurt; there was not enough

space to release the center plate; therefore, the tractor, when you tried to release the clutch, would not stop. The sticking of the clutch was not caused by dust; that before using the crank-bar and attempting to release the clutch the engine had been throttled down as low as it would go; that when the clutch is stuck you cannot get the gasoline in between the plates. The plaintiff did not stick the bar down through the hole, or anything of that sort; the clutch was exposed and there was no guard over it; the guard is to protect one from coming in contact with the fly-wheel; that the clutch had stuck several times, and each time he had been successful in releasing the same by striking it with the iron bar; that other operators had used the same means. The witness then explained that the fibers of the clutch peel off and get between the disc and the main plate, and for that reason the clutch will not release. Four witnesses who had been called to testify on the part of the appellant testified on cross-examination that if the clutch sticks, it is evident that something is wrong, either dirt or sand in it, or that it is out of condition; that worn lining, crumbling or rolling away, would affect the operations of the clutch.

As against this testimony several witnesses testified that the plaintiff did not use the proper means of disengaging the clutch or stopping the forward movement of the tractor. However, such testimony only raises a conflict, and under such circumstances we are bound by the verdict of the jury. The verdict of the jury shows that it accepted the version of the occurrence given by the plaintiff. Under subdivision ''B'' of section 29, *supra*, the burden of proof is upon the appellant alone, the presumption being that he was negligent, and it is no defense that the plaintiff may have been guilty of contributory negligence or assumed the risk or hazard complained of.

The court instructed the jury as follows (which we think a correct statement of the law applicable to the foregoing facts):

''You are further instructed that if you find from the evidence that the clutch upon said tractor was in the habit of sticking while said tractor was in operation, and that this fact was known to the defendant, or in the exercise of ordinary care should have been known to defendant, and it was necessary to use some tool or appliance in order to disengage such clutch, and you further find that the only tool or ap-

pliance with which the plaintiff was furnished or supplied to disengage said clutch was the tool, if any, which the plaintiff used, and you further find that ordinary care required defendant to repair said tractor and clutch, then and in that event you are instructed that the failure of defendant to repair said tractor so as to prevent said clutch from sticking, and the failure, if any, to supply plaintiff with tools and appliances reasonably adequate and proper to disengage said clutch, would constitute and be negligence.''

The correctness of this instruction does not appear to be challenged by the appellant.

Accepting the testimony given on the part of the plaintiff, the jury was fully authorized in concluding that the negligence of the appellant was the proximate cause of the injury suffered by the plaintiff, and directly contributed thereto.

Appellant specially calls our attention to the cases of *Soria* v. *Cowell Portland Cement Co.*, 99 Cal. App. 108 [277 Pac. 1061, 1066, and *Spivok* v. *Independent Sash & Door Co.*, 173 Cal. 438 [160 Pac. 565]. Neither of these cases appear to us to support the contentions of the appellant. In the Soria case, *supra*, it is expressly held that the defense of contributory negligence is expressly denied by the statutes, and further, that although the defendant had provided a certain means of passing around a part of the machinery known as the conveyor, yet a part thereof was left unguarded, and that this constituted negligence, for which the defendant was held liable.

In the Spivok case, *supra*, a stairway had been provided for the use of carpenters, but instead of using the stairway, it appears that the plaintiff used a step-ladder which was too short, and in attempting to climb upon a canopy, instead of grabbing hold of a stanchion, took hold of some loose form lying upon the canopy, and being loose, allowed the carpenter to fall backwards and receive certain injuries. The court held that the injury was caused by the sole negligence of the plaintiff. That case is readily distinguishable from the circumstances with which we are dealing. In the Spivok case, *supra*, a safe means was provided for the use of carpenters in passing from one floor to another. In the instant case the testimony, if believed by the jury, sufficiently shows that the appellant furnished a defective tractor for the use of the plaintiff, and in addition, furnished no means what-

ever for disengaging the clutch, which stuck repeatedly, and of which condition there is testimony to the effect that the appellant was advised. The judgment does not appear to be excessive.

Finding no reversible error in the record, the judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 25, 1937.