[L. A. No. 16786.   In Bank.—January 26, 1939.]

MAXINE D. RIDEAUX, Appellant, v. JOHN TORGRIM-
SON, Jr., as Administrator, etc., Respondent.

Aaron Sapiro, Samuel De Groot, Samuel A. Rosenthal and Burton Briggs Crane for Appellant.

W. M. Greathouse for Respondent.

EDMONDS, J.—The question presented for decision by this case is whether an action for damages sustained by an employee because of personal injuries survives the death of his employer under the provisions of the Workmen's Compensation, Insurance and Safety Act of 1917, as they existed in 1936. (Stats. 1917, p. 831, as amended; Deering's General Laws, 1931 ed., Act 4749.)

By the plaintiff's complaint she alleged that while employed by John and Anna Torgrimson and acting in the course and scope of her employment, she suffered personal injuries as a result of the negligent operation of an automobile by John Torgrimson; that John and Anna Torgrimson died as a result of injuries received in the same accident; and that they had failed to secure to her the payment of compensation as required by law. To this complaint a demurrer was sustained without leave to amend and the appeal is from the judgment subsequently entered.

The compensation act defines the term employer as used in sections 6 to 31, inclusive, of it, to mean " . . . every person . . . who has any person in service under any appointment or contract of hire, . . . and the legal representative of any deceased employer". (Sec. 7.) It also provides: "If any employer shall fail so to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the commission, and, in addition thereto, such injured employee or his dependents may bring an action at law against such employer for damages, the same as if this act did not apply, and shall be entitled in such action to the right to attach the property of the employer, at any time upon or after the institution of such action, in an amount to be fixed by the court, to secure the payment of any judgment which may ultimately be obtained. Such judgment shall include a reasonable attorney's fee to be fixed by the court. The provisions of the Code of Civil Procedure, except in so far as they may be inconsistent with this act shall govern the issuance of and proceedings upon such attachment; provided,

that if as a result of such action for damages a judgment is obtained against such employer in excess of the compensation awarded under this act, the compensation awarded by the commission, if paid, or if security approved by the court be given for its payment, shall be credited upon such judgment; provided, further, that in such action it shall be presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof shall rest upon the employer, to rebut the presumption of negligence. In such proceeding it shall not be a defense to the employer that the employee may have been guilty of contributory negligence, or assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow-servant. No contract, rule or regulation shall be allowed to restore to the employer any of the foregoing defenses." (Sec. 29b.) The appellant contends that the legislature by defining the term "employer" as including "the legal representative of any deceased employer", has given injured employees a cause of action for damages which survives, notwithstanding the rule of the common law.

By section 29b the legislature has provided a statutory cause of action for personal injuries quite different from that of the common law. If an employer fails to secure the payment of compensation, either an injured employee or his dependents may sue the employer, or "the legal representatives of any deceased employer", for damages. In such an action the plaintiff may attach the property of the employer and is given the benefit of a presumption that the employer was negligent. The employer may not defend upon the ground that the employee was contributorily negligent, or assumed the risk of the hazards attending his employment, or that he was injured through the negligence of a fellow servant.

When a legislative body enacts a statute which prescribes the meaning to be given to particular terms used by it, that meaning is binding upon the courts. (*In re Monrovia Evening Post,* 199 Cal. 263, 270 [248 Pac. 1017]; 23 Cal. Jur. 751.) Giving effect to the definition stated by the legislature, it has provided that under particular circumstances an injured employee or his dependents may sue the employer, or the legal representatives of any deceased employer, independently of the right to claim compensation in a proceeding before the industrial accident commission. The

words "the same as if this act did not apply" make certain that the statutory cause of action may be maintained when an employer has failed to secure compensation, regardless of the general provisions of the statute for compensation in lieu of damages (*Marshall* v. *Foote,* 81 Cal. App. 98 [252 Pac. 1075]; *Rosslow* v. *Janssen,* 139 Cal. App. 81 [33 Pac. (2d) 705]); they do not refer to the common law action for personal injuries.

The social public policy of the state is declared in the statute, which, it is said, is intended to make effective a complete system of workmen's compensation irrespective of the fault of any party, and, also to require full provision for adequate insurance coverage against the liability to pay or furnish compensation. (Sec. 1.) For those injured employees who find themselves without the protection of the insurance required by the compensation law, the legislature has provided a remedy having somewhat the nature of a penalty. In such a case the burden of proof is largely upon the employer. To escape liability he must prove that he was not guilty of negligence, notwithstanding the presumption to the contrary provided by the statute.

There is sound reason for making such a cause of action survive the death of the employer. By provisions of the statute which cover the subject in detail, an employee's right to compensation continues notwithstanding the death of his employer, and it is clear that the legislature, by its definition of the term "employer", intended to place an injured employee for whom no compensation has been secured upon the same basis, so far as his right to recover after the death of his employer is concerned, as one who is protected by insurance.

This construction is compelled by the plain language of the statute. Unless the words "and the legal representative of any deceased employer" were intended to give this right they have no purpose. If any ambiguity may be said to exist, the doubt must be resolved in favor of the appellant. The statute by its terms requires that it shall be liberally construed "with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment". (Sec. 69.)

The respondent asserts that even if the cause of action survived, the allegations of appellant's amended complaint are insufficient to establish an employer-employee re-

lationship between the decedents and the appellant because it was not alleged that they agreed to pay her any consideration for her services. The contention has no merit. The complaint alleges that the appellant "was employed by and was in the employ of said John Torgrimson and said Anna Torgrimson, to assist them in driving their automobile while traveling from their home in the County of Los Angeles to, in and about the State of Oregon . . . and during said trip . . . to render her services as a companion in caring for and attending John Torgrimson and Anna Torgrimson, and at all times herein mentioned, plaintiff was engaged and was acting within the course and scope of her said employment". These allegations, at least against a general demurrer, were clearly sufficient to entitle the plaintiff to present evidence tending to show that, at the time of the injury, she was an employee within the meaning of the Compensation Act.

Since this case was argued the respondent has called the attention of the court to proceedings instituted by the petitioner before the Industrial Accident Commission to obtain compensation for the injuries for which damages are sought in the present action. The commission denied her an award upon the ground that she was not an employee of the class entitled to protection under the Workmen's Compensation Act. A petition to review that decision was denied by this court and it has since become final. (*Rideaux* v. *Industrial Acc. Com.*, L. A. No. 16954.) Assuming that this court can take judicial notice of the finality of the decision in that proceeding, the question arises whether the conclusion reached therein to the effect that the appellant was not an employee within the meaning of the compensation statute can be considered as *res judicata* upon this appeal.

A consideration of the nature of a plea of *res judicata* indicates that this question must be answered in the negative. A defense founded upon the conclusiveness of a former adjudication must be either pleaded or proved. (*Brown* v. *Superior Court,* 13 Cal. App. (2d) 693 [57 Pac. (2d) 965]; *Spitzer* v. *Superior Court,* 74 Cal. App. 494 [241 Pac. 270].) Such defense is waived if not raised either by the pleadings or the evidence. (*Domestic and Foreign Petroleum Co.* v. *Long,* 4 Cal. (2d) 547 [51 Pac. (2d) 73]; 15 Cal. Jur., p. 210.) Since the scope and validity of the prior judgment may require scrutiny, a plea of *res judicata* does not oust the court

of jurisdiction. (*Reidy* v. *Superior Court*, 220 Cal. 111 [29 Pac. (2d) 780]; *United Security Bank & Trust Co.* v. *Superior Court*, 205 Cal. 167 [270 Pac. 184]; *Baird* v. *Superior Court*, 204 Cal. 408 [268 Pac. 640].) In view of these principles, this court cannot now consider the effect of an adjudication which may never be relied upon as a bar to the action for damages, or which the appellant may be able to show does not estop her from prosecuting this suit.

The judgment is reversed.

Langdon, J., Shenk, J., Curtis, J., Waste, C. J., Seawell, J., and Houser, J., concurred.

Rehearing denied.