[Civ. No. 11195.   First Appellate District, Division Two.—March 28, 1940.]

DANIEL SULLIVAN, a Minor, etc., Appellant, v. FRANK TAIT, Respondent.

Chauncey Tramutolo and Juliet Lowenthal for Appellant.

J. W. Ehrlich, Roy A. Sharff and Alfred M. Miller for Respondent.

STURTEVANT, J.—In an action brought to recover damages for injuries suffered by the plaintiff while employed by the defendant, the plaintiff recovered a judgment. Thereafter the trial court made an order decreeing satisfaction thereof. From that order the plaintiff has appealed.

The plaintiff, a minor, was employed by the defendant in a butcher shop. On July 27, 1936, his left hand was seriously injured while operating a grinding machine. Thereafter, on September 26th, this action was commenced. In the following year, on January 30th, the Industrial Accident Commission entered an award in favor of the plaintiff and against the defendant in that proceeding, No. 52260, records of said commission. The record does not show that a petition for a rehearing was filed or granted. Hence it is final. On the 1st of September thereafter the defendant filed his answer. Later the action was tried before the trial court sitting with a jury and on March 8, 1938, a judgment was entered in favor of the plaintiff. Thereafter, on December 7th, the order decreeing satisfaction thereof was entered.

The plaintiff has brought up a copy of the judgment roll and a limited bill of exceptions. In his complaint the plaintiff pleaded the facts showing his employment, his injury, and pain and suffering caused thereby. In his prayer he asked for damages in the sum of $20,000. In his answer the defendant inserted certain denials and pleaded affirmatively the proceedings had before the Industrial Accident Commission and that the latter '' . . . on January 30, 1937, made its award against the defendant ordering him to pay to the plaintiff above named the sum of $2,886 as compensation for said injuries, and further ordered this defendant to pay all medical, hospital and nursing bills, including surgery and all future medical treatments required by the plaintiff above named; that said award of said Industrial Accident Commission is payable in the sum of $24.05 per week; that this defendant is paying said award as ordered by the said Industrial Accident Commission; and that the payment of that portion of said award which is unpaid at this time is secured by an attachment levied on real property belonging to this defendant.'' The jury returned a general verdict in favor of the plaintiff in the sum of $2,250. The trial court fixed the plaintiff's attorney fee in the sum of $400. It taxed the plaintiff's costs in the sum of $191.40 and entered a judgment for $2,841.40. No special verdict was rendered by the jury. Later the defendant made a motion that the trial court enter a satisfaction of the judgment. In support of his motion he tendered the affidavit of one of his attorneys. In that affidavit it was set forth that the award of the Industrial Accident Commis-

sion had been fully paid including medical care and hospitalization in the sum of $3,187.95. It was also set forth in said affidavit that on the trial the court gave an instruction that the jury might consider the five elements of damages, (1) loss of earnings; (2) loss of future earnings; (3) medical and doctors' expenses; (4) future medical expenses; (5) pain and suffering. (8 Cal. Jur., p. 810 "Damages," secs. 68, 69, and 70.) █ On the hearing of the motion the plaintiff objected to the granting thereof because the judgment entered on the verdict of the jury was not in excess of the compensation awarded by the Industrial Accident Commission. At this time the plaintiff renews that objection and the sole question presented on this appeal is the proper construction of section 3709 of the Labor Code. It is as follows: "3709. If, as a result of such action for damages, a judgment is obtained against the employer *in excess of the compensation* awarded under this division, the compensation awarded by the commission, if paid, or security is given for its payment and is approved by the court, shall be credited upon such judgment." (Italics ours.) Having cited the section the plaintiff contends the statute is entirely free and clear of ambiguity, that there is no room for construction, and that the courts are bound to follow the provisions of the section as they are written. With those contentions we wholly agree. The rule is statutory. (Code Civ. Proc., sec. 1858.) It was tersely stated in *Davis* v. *Hart*, 123 Cal. 384, at page 387 [55 Pac. 1060]: "A cardinal rule of interpretation is that a statute free from ambiguity and uncertainty needs no interpretation. This must be so, for all interpretation and construction is for the purpose of ascertaining the legislative will. When this is clear, interpretation is not allowable." It follows that under the uncontradicted evidence the order appealed from should not have been entered.

█ In support of the order the defendant argues that section 3709 of the Labor Code, as construed by the plaintiff, authorizes a double recovery. We think it is clear it does not do so. Be that as it may, the record in the present case does not show a duplication of compensation and the question is not before us.

The order appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1940.