[L. A. No. 20659. In Bank. Jan. 25, 1949.]

MOUSHEK CHAKMAKJIAN, Respondent, v. JENNIE LOWE, Appellant.

Stanton & Stanton for Appellant.

Herlihy & Herlihy and Joseph W. Pierce for Respondent.

SPENCE, J.—Defendant, an uninsured employer, appeals from a judgment for plaintiff rendered on account of injuries sustained by plaintiff while in defendant's employ. As grounds for reversal defendant urges: (1) the charge of plaintiff's double recovery because in subsequent proceedings before the

Industrial Accident Commission in adjustment of his compensation claim, plaintiff obtained an award exceeding by a few hundred dollars the amount of the judgment here assailed; and (2) the insufficiency of the evidence to sustain the court's finding of negligence in the adjudication of defendant's liability. Neither of defendant's points is well taken as the record stands herein.

But brief consideration need be given to defendant's first objection. Under section 3706 of the Labor Code, the injured employee may bring an action for damages in any case where his employer failed to carry compensation insurance, and this right may be exercised independently of any proceedings before the Industrial Accident Commission. (*Rideaux* v. *Torgrimson*, 12 Cal.2d 633, 636-637 [86 P.2d 826]; *Marshall* v. *Foote*, 81 Cal.App. 98, 101 [252 P. 1075]; *Rosslow* v. *Janssen*, 139 Cal.App. 81, 83 [33 P.2d 705]; *Graybiel* v. *Consolidated Associations, Ltd.*, 16 Cal.App.2d 20, 25 [60 P.2d 164].) As so authorized, plaintiff pursued the two distinct remedies given him by statute against defendant, his uninsured employer—first commencing the within litigation and then filing his compensation claim before the commission, but holding in abeyance the prosecution of proceedings in the latter tribunal to await the outcome of the damage action, which, as tried by the court sitting without a jury, resulted in the present judgment for plaintiff in the sum of $2,250. Almost a year later the commission made its compensation award, and such favorable determination of plaintiff's claim has become final following the denial of a review thereof by the District Court of Appeal. (*Fershaw* v. *Industrial Acc. Com. and Mustoe*, 2 Civ. 16164, 83 A.C.A. No. 3, Min. Jan. 16, 1948; no petition filed in this court.) The proceedings before the commission are not a part of the record on appeal, but the parties concede that its award exceeds "by a few hundred dollars" the amount of the judgment herein, and upon such agreed basis they argue the propriety of the two adjudications.

 The sequence of litigation in the measure of plaintiff's right to relief as granted by statute does not open to attack the validity of the award which he first secured—the judgment here subject of appeal—upon the claim that it constitutes an allowance of a duplication of recovery against defendant, when such question manifestly was not before the trial court in its initial disposition of plaintiff's authorized damage action and only arises now as defendant argues the injustice of permitting plaintiff to have "two [full] compensations . . . for the

one injury'' in view of the *subsequent* termination of the independent proceedings before the commission in plaintiff's favor. Whether defendant would be entitled to a credit of the judgment against the greater amount of the compensation award upon plaintiff's undertaking to collect both amounts as separately adjudicated by the designated tribunals is not a matter for consideration here (*Cf., Sullivan* v. *Tait,* 38 Cal.App:2d 185 [101 P.2d 145]), for defendant contests the validity of the judgment, not the premise of its enforcement in the admeasurement of plaintiff's total relief. In such distinguishable circumstances, the merit of defendant's objection to the successive awards as embracing a ''double recovery'' is not an issue for review within the scope of this appeal.

 There now remains for consideration defendant's challenge of the evidentiary support for the court's finding of negligence as the issue was tendered by the parties' pleadings. (Cf., *Graybiel* v. *Consolidated Associations, Ltd., supra,* 16 Cal.App.2d 20, 26.) Section 3708 of the Labor Code, so far as here pertinent, provides that in an action such as the present one ''. . . it is presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof is upon the employer, to rebut the presumption of negligence. It is not a defense to the employer that the employee was guilty of contributory negligence, or assumed the risk of the hazard complained of, . . .'' Defendant argues that plaintiff's own testimony affirmatively established that there was no negligence on her part, that the statutory presumption to the contrary was thereby dispelled from the case, and there then remained no evidence which would sustain her liability for plaintiff's injuries. There is no force to defendant's position upon analysis of relevant portions of the record.

It appears that plaintiff, while employed as a saw operator and in other capacities in defendant's cabinet shop, injured his left hand—lacerations of the thumb and second and third fingers—in the process of operating a power-driven ripsaw for the cutting of a piece of wood for a window frame. Plaintiff was alone at the time of the accident and was the sole witness thereto. After testifying that he was experienced in the operation of power-driven saws and demonstrating his partial loss of the use of his injured hand as affecting his future employment in carpentry work, plaintiff gave this account of the accident: That the saw he was using was ''imbedded in a small table'' with ''the motor operating it on the

side''; that ''the saw'' had ''a guide'' to set the ''measure-ments''; that ''as I was cutting like this, because that got to do this way, see, from the top, the saw in turning in the bot-tom, you have to get your piece on top like that and push right down on it, so the saw comes right on top here and cuts here to here (indicating)''; that ''when I was doing this, this happened . . . hand . . . slip or jump, I don't know—still it happened when I was going down this way, see.'' Later in the trial as a witness for plaintiff, a safety inspector for the State Division of Industrial Safety, who had examined the saw in question and who had heard plaintiff's testimony ''concerning the way he cut this piece by holding it, one end of it with his left hand . . . the other end with his right hand . . . lowering the thing over the saw,'' testified as follows: That the manner in which plaintiff described his operation of the saw was ''the customary method . . . in small back yard shops''; that ''one of the reasons why I am in the field [is] that we try to discourage such manual operations to pre-vent just what happened to [plaintiff] . . . it is common practice . . . it isn't safe practice.'' The inspector further stated that ''anybody with any experience in cabinet work'' should know that the use of a ''block'' or ''table stop'' to ''prevent the piece [as cut] from being kicked back,'' would guard against the happening of just such accident as the one here involved. Plaintiff then testified that the saw was ''set up'' by his [former] employer—the husband of defendant, who, upon her husband's death, had undertaken to manage the business and operate the shop; that he (plaintiff) made no change in ''the machine at all after [defendant's husband] died'' but continued to ''use it'' as it was ''set up''; that he ''did . . . not set up a block before [he] used the saw''; and that ''there was no chance to put up a block.''

The court found that ''as the direct and proximate result of the negligence and carelessness of the said defendant, plain-tiff's left hand was then and there drawn into and became engaged with the teeth of said saw.'' This is the finding that defendant attacks as running counter to all the evidence, ar-guing that since it appears from plaintiff's own testimony that ''defendant gave him no instructions as to the use of the saws; that in fact she knew nothing about the use of the saws''; and that plaintiff ''himself [had] neglected to employ the known safeguard of placing the block on the saw''; the rebuttable presumption of negligence imposed by statute upon defend-ant (Lab. Code, § 3708, *supra*) was effectively destroyed and

the record stands devoid of any support for plaintiff's cause of action.

Generally speaking, it may be stated that a presumption is dispelled as an evidentiary consideration when a fact which is wholly irreconcilable with it is proved by the uncontradicted testimony of the party relying upon it or of such party's own witnesses, when such testimony was not the product of mistake or inadvertence. (*Mar Shee* v. *Maryland Assurance Corp.*, 190 Cal. 1, 9 [210 P. 269]; *Smellie* v. *Southern Pacific Co.*, 212 Cal. 540, 553 [299 P. 529]; *Engstrom* v. *Auburn Automobile Sales Corp.*, 11 Cal.2d 64, 70 [77 P.2d 1059]; *Westberg* v. *Willde*, 14 Cal.2d 360, 365 [94 P.2d 590]; *Fortier* v. *Hogan*, 115 Cal.App. 50, 57 [1 P.2d 23].) However, the situation here prevailing is distinguishable in that plaintiff's testimony is not "wholly irreconcilable" with the operative force of the presumption of defendant's negligence. On the contrary, conceding that as an experienced carpenter plaintiff should have used a "block" as a precautionary safeguard in his performance of the work in question, nevertheless his testimony that he operated the saw as it was "set up" for his use and "there was no chance to put up a block" would support an inference that defendant negligently maintained the saw in such condition that it was impossible to "put up a block," and that such negligence was the cause of the accident. As above noted, the common-law defenses of contributory negligence and assumption of risk are expressly denied by statute to defendant in such action as the present one. (Lab. Code, § 3708, *supra*.) In such circumstances, whether the presumption of defendant's negligence was controverted was at best a question to be determined by the trial court, and its finding thereon would be conclusive. (*Fortier* v. *Hogan, supra,* 115 Cal.App. 50, 58.)

But even were it to be said that since plaintiff's evidence fully disclosed the circumstances surrounding the happening of the accident—his acts and conduct just prior to and at the time of his injury—there would be no reason for the presumption of defendant's negligence to stay in the case and it disappears therefrom (*Rogers* v. *Interstate Transit Co.*, 212 Cal. 36, 38 [297 P. 884]; *Paulsen* v. *McDuffie*, 4 Cal.2d 111, 119 [47 P.2d 709]; *Mundy* v. *Marshall*, 8 Cal.2d 294, 296 [65 P.2d 65]), such conclusion would not aid defendant under the record. There would still remain as a factor in evidence the inference from plaintiff's testimony that defendant was guilty of negligence by reason of the particular manner of mainte-

nance of the saw in her cabinet shop—a consideration which would preclude holding, as a matter of law, that defendant was not guilty of fault in conclusive defeat of plaintiff's damage claim. Defendant's citation of the case of *Spivok* v. *Independent Sash & Door Co.*, 173 Cal. 438 [160 P. 565], does not strengthen her argument. There the plaintiff—a carpenter in defendant's employ—could have used a stairway provided by his employer as a safe means for passing from one floor to another in the course of his work, but plaintiff deliberately chose another means of approach and sustained certain injuries as the result of his needless risk. Accordingly, "[t]he conclusion [was] unescapable that the employer . . . was without fault and that the injury occurred solely through the negligence of the employee." (P. 440.) Here plaintiff had no choice but to use the saw provided by defendant for the work in question, and its condition for safe use was a factual consideration in the light of the record. (Cf., *Lewis* v. *Curran*, 17 Cal.App.2d 689, 695-696 [62 P.2d 800].) As so determined, the finding that plaintiff's injury was "the direct and proximate result of [defendant's] negligence and carelessness" is not open to objection as being without evidentiary support.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., and Schauer, J., concurred.

TRAYNOR, J.—I concur in the judgment.

It is my opinion that as a matter of legislative policy section 3708 of the Labor Code places upon the employer the burden of proof, which remains upon him throughout the case. (Compare, *Hunter* v. *Hunter*, 111 Cal. 261, 267 [43 P. 756, 52 Am.St.Rep. 180, 31 L.R.A. 411]; *Wilcox* v. *Wilcox*, 171 Cal. 770, 774 [155 P. 95]; *Estate of McNamara*, 181 Cal. 82, 95 [183 P. 552, 7 A.L.R. 313]; *O'Dea* v. *Amodeo*, 118 Conn. 58, 65 [170 A. 486, 488]; Am. Law Institute, Model Code of Evidence, rule 703.) The employer in this case has not sustained that burden. It therefore serves no purpose to consider when the presumption was dispelled. That question would be pertinent only if the plaintiff had the burden of proof, aided by the presumption. (See dissenting opinion in *Speck* v. *Sarver*, 20 Cal.2d 585, 590-598 [128 P.2d 16].)

Edmonds, J., concurred.