*261
 
 Opinion
 

 GOOD, J.
 
 *
 

 Petitioner Dude Jenkins sustained an industrial injury on February 19, 1971. His employer, James Thomas, was without workmen’s compensation insurance. During the first five or six weeks following the injury, petitioner’s employer paid him between $75 and $87.50 a week. When these payments terminated, petitioner instituted proceedings against his employer before the Workmen’s Compensation Appeals Board. On March 9, 1972, the board awarded temporary disability at the rate of $65 per week, beginning February 20 and continuing until October 29, 1971. The amount of this award was to be reduced by those amounts already paid by the employer. Thereafter, on April 25, 1972, petitioner, by letter, informed the board that his employer had not made the payments so ordered.
 

 Petitioner’s letter was treated as an application that the award be paid out of the Uninsured Employers Fund, pursuant to Labor Code section 3716, a new section (Stats. 1971, ch. 1598, § 4) that became effective on March 4, 1972. A hearing was held before the board. The board refused payment upon the ground that said code section could apply prospectively only and did not apply to injuries occurring before March 4, 1972. This petition for writ of review followed.
 

 The writ poses the question: Is an employee who is injured prior to the effective date of Labor Code section 3716, but receives an award from the Workmen’s Compensation Appeals Board for that injury subsequent to that date, entitled to receive payment of that award from the Uninsured Employers Fund when the employer thereafter fails to pay the compensation awarded?
 

 The issue is thus whether an order for payment of the award would, in these circumstances, constitute a retroactive application of section 3716 of the Labor Code. Petitioner contends that, regardless of the date on which an industrial injury occurred, the injured employee is entitled to the benefits afforded by the new provision since the findings and award were issued after its effective date. On the other hand, the board contends that the controlling factor is the date of the original injury, and not the date of the award. It relies on
 
 State of California
 
 v.
 
 Ind. Acc. Com.
 
 (1957) 48 Cal.2d 355 [310 P.2d 1], and
 
 Aetna Cas. & Surety Co.
 
 v.
 
 Ind. Acc.
 
 
 *262
 

 Com.
 
 (1947) 30 Cal.2d 388 [182 P.2d 159]. These decisions do not support its position because the language of said section 3716 clearly obviates any problem of retroactivity.
 
 [1]
 

 That section was a new section contained in Statutes 1971, chapter 1598, which also amended other sections of the Labor Code that must be read together in the light of the legislative intent disclosed by the tenor of the whole. Said amendments of sections 3706 and 3715 of said code are related to the new section 3716 contained in the same bill.
 

 Section 3706 provides: “If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply.”
 

 Section 3715 provides: “Any employee whose employer has failed to secure the payment of compensation as required by this division, or his dependents in case death has ensued, may, in lieu of proceedings against his employer by civil action in the courts as provided in Section 3706, file his application with the appeals board for compensation and the appeals board shall hear and determine such application for compensation in like manner as in other claims and shall make such award to such claimant as he would be entitled to receive if such employer had secured the payment of compensation as required, and such employer shall pay such award in the manner and amount fixed thereby or shall furnish to the appeals board a bond, in such an amount and with such sureties as the appeals board requires, to pay such employee such award in the manner and amount fixed thereby.”
 

 Section 3716 provides: “If the employer fails to pay such compensation to the person entitled thereto, or fails to furnish such bond within a period of 10 days after notification of such award, the award, upon application, by the person entitled thereto, shall be paid by the Director of Industrial Relations from the Uninsured Employers Fund, which fund is hereby created in the State Treasury. The money in the Uninsured Employers Fund is hereby continuously appropriated for this purpose and to pay the expenses of the director in administering these provisions. Refunds may be paid from the Uninsured Employers Fund for amounts remitted erroneously to the fund, or the director may authorize offsetting subsequent remittances to the fund.”
 

 In California, prior to these 1971 legislative changes, no election of remedies was required of an injured employee who was not paid compensation insurance. He or his dependents could proceed under Labor Code
 
 *263
 
 section 3706 to sue the employer
 
 (Rideaux
 
 v.
 
 Torgrimson
 
 (1939) 12 Cal.2d 633 [86 P.2d 826]), or by an ordinary proceeding before the appeals board to collect compensation
 
 (Graybiel
 
 v.
 
 Consolidated Assns., Ltd.
 
 (1936) 16 Cal.App.2d 20 [60 P.2d 164]), or could conduct the two proceedings concurrently.
 
 (Chakmakjian
 
 v.
 
 Lowe
 
 (1949) 33 Cal.2d 308 [201 P.2d 801].) However, the 1971 enactment provided that a proceeding by an employee or dependent against an uninsured employer before the appeals board is “in lieu of proceedings against his employer by civil action in the courts . . . .” (Lab. Code, § 3715.) Hence, the employee is now required to elect between the two remedies.
 

 In addition this change, section 3716 of the Labor Code established the Uninsured Employers Fund. The purpose of this fund is to provide an injured employee with immediate benefits if an employer fails to pay an award of compensation for such injury within 10 days after notification thereof. These provisions were obviously enacted to fulfill the public policy declared in article XX, section 21 of the California Constitution that mandates the creation of a system of workmen’s compensation that, in the words of the Constitution, will be so administered to “accomplish substantial justice in all cases expeditiously, inexpensively, and without encumbrance of any character; . . .” The provisions of said section 3716 appear to be founded on the maxim that “justice delayed is justice denied”—a maxim peculiarly applicable in workmen’s compensation law.
 

 When an employee or his dependent has obtained an award from the appeals board against an uninsured employer pursuant to section 3715, the employer is required to pay the award or furnish the board with a sufficient bond for its payment. If the employer fails to pay the award or furnish the required bond within 10 days after notification thereof, the award, upon application of the employee or dependent, shall be paid by the Director of Industrial Relations from the Uninsured Employers Fund. This is the essence of section 3716. There is thus created an immediately available fund from which an injured employee’s award shall be paid if an employer does not pay it within said 10-day period.
 

 The provision does not create a new right having its origin in the initial injury. Rather, the right created is based upon the fact of nonpayment of an obligation already in existence, i.e., the award of compensation. It is this time (nonpayment within 10 days after entry of award), and not the time of injury, that effectuates section 3716. For this reason, the section is not, in effect, applied retroactively when an employee, whose award is subsequent to its effective date, is given the benefit of the statute. “A retrospective law is one which affects rights, obligations, acts,
 
 *264
 
 transactions and conditions which are performed or exist prior to the adoption of the statute.”
 
 (American States W. S. Co.
 
 v.
 
 Johnson
 
 (1939) 31 Cal.App.2d 606, 613 [88 P.2d 770].) Section 3716 deals with the collection and payment of an award. In the case before the court, as of March 4, 1972, Dude Jenkins had only an inchoate right to compensation. Only when the award of compensation was made on March 9, 1972, did a vested right to collection and payment accrue. It follows that, since this right arose after the effective date of section 3716, it cannot be argued that the law is being applied retrospectively. If the Legislature intended to limit the application of the newly enacted section 3716 to awards made after its effective date, it could easily have done so and thus leave an injured employee with the rights existing at the time of injury.
 

 It is accordingly ordered that the decision of the Workmen’s Compensation Appeals Board is annulled and the cause remanded to that board for further proceedings consistent with the views herein expressed.
 

 Devine, P. J., and Bray, J.,
 
 *
 
 concurred.
 

 A petition for a rehearing was denied April 18, 1973, and respondents’ petition for a hearing by thé Supreme Court was denied May 16, 1973.
 

 *
 

 Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.
 

 [1]
 

 It may be noted that at its next session after
 
 State of California
 
 v.
 
 Ind. Acc. Com., supra,
 
 48 Cal.2d 355, the Legislature added the present final paragraph to section 5500.5 to make its provisions retroactive.
 

 *
 

 Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.