[Civ. No. 48494. Second Dist., Div. One. Nov. 1, 1978.]

INDUSTRIAL INDEMNITY COMPANY et al., Petitioners, v. WORKERS' COMPENSATION APPEALS BOARD and NORMAN L. DUNCAN, Respondents.

[Civ. No. 48874. Second Dist., Div. One. Nov. 1, 1978.]

LIBERTY MUTUAL INSURANCE COMPANY et al., Petitioners, v. WORKERS' COMPENSATION APPEALS BOARD and THOMAS F. BROWN, Respondents.

**COUNSEL**

John L. Maier and Mansell & Arthur for Petitioners in Civ. No. 48494.

Kevin R. Twohy and Warren L. Hanna as Amici Curiae on behalf of Petitioners in Civ. No. 48494.

Ormes, Farrell, Monroy & Drost and Donald James Drost for Respondents in Civ. No. 48494.

Kendig, Stockwell & Gleason and Harvey G. Johnson, Jr., for Petitioners in Civ. No. 48874.

No appearance for Respondents in Civ. No. 48874.

## OPINION

**THOMPSON, J.**—We have consolidated these petitions for writ of review because they involve the identical question. Each seeks reversal of a Workers' Compensation Appeals Board (WCAB) determination that an amendment to Labor Code section 139.5 is applicable to require rehabilitation benefits to workers injured prior to the effective date of the amendment. We conclude that the WCAB has given an impermissibly retroactive application to the statute. Accordingly, we reverse the determinations of the board. Although section 139.5 was further amended in the 1976 legislative session to specify that the earlier amendment is not to be applied to workers injured prior to its effective date, we publish this opinion because we are informed that a significant number of cases involving the issue are pending.

As enacted in 1965, Labor Code section 139.5 created a system for initiation of rehabilitation plans by employers and insurance carriers, for state approval of plans so initiated, and for the payment of special benefits to injured workers who participate in a rehabilitation plan. The 1965 version of section 139.5 provided that the initiation of a plan was voluntary and not compulsory on the part of the employer or insurance carrier and that participation by an injured worker in a plan that had been initiated was also voluntary on his part. (See *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 226, fn. 1 [110 Cal.Rptr. 144, 514 P.2d 1224].)

Effective January 1, 1975, Labor Code section 139.5 was amended. The amended version calls for rehabilitation benefits "When a qualified injured workman chooses to enroll in a rehabilitation program" and eliminates the prior statutory language to the effect that initiation of a rehabilitation program was not required of an employer or its insurance carrier but rather was voluntary.

While employed by employers who had not initiated a rehabilitation plan, and whose insurers had not done so, Norman L. Duncan and Thomas F. Brown suffered industrially connected injury prior to January 1, 1975. After that date, each sought rehabilitation benefits. After a hearing before the board, the WCAB concluded that Duncan and Brown were entitled to the benefits they sought. We issued our writ of review bringing the matters to this court.

■■■ Subject to circumstances which indicate a legislative intent to the contrary, "the law in force at the time of the injury is to be taken as the measure of the injured person's right of recovery" in workers' compensation. That principle follows from the proposition that " 'the industrial injury is the basis for any compensation award.' " (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 392-393 [182 P.2d 159]; *State Comp. Ins. Fund* v. *Workers' Comp. Appeals Bd. (Silva)* (1977) 71 Cal.App.3d 133, 136 [139 Cal.Rptr. 410].) Hence statutory change in workers' compensation which is "substantive in character" i.e., that which "enlarge[s] [or diminishes] the employee's existing rights and the employer's corresponding obligations" does not act retrospectively absent a clear showing of legislative intent that it should do so. (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com., supra,* 30 Cal.2d at pp. 392-393; *State of California* v. *Ind. Acc. Com. (Erickson)* (1957) 48 Cal.2d 355, 361-363 [310 P.2d 1].)

■ Legislative intent calling for retroactive operation of a statutory change may be found in such factors as context, the objective of the legislation, the evils to which it is addressed, the social history of the times and legislation upon the same subject, the public policy enunciated or vindicated by the enactment, and the effect of the particular legislation upon the entire statutory scheme of which it is a party. (*In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 587 [128 Cal.Rptr. 427, 546 P.2d 1371]; *Harrison* v. *Workmen's Comp. Appeals Bd.* (1974) 44 Cal.App.3d 197, 205-206 [118 Cal.Rptr. 508]—retrospective application of amendment required to achieve statutory objective of ameliorating the procedural morass in multiple defendant WCAB cases.)

■■■ Here the amendment to Labor Code section 139.5 effective in 1975 substantially enlarged employee rights. Where previously an injured worker was entitled to rehabilitation benefits only if his employer or its insurance carrier had voluntarily initiated a rehabilitation plan, the 1975 change granted the benefits solely at the employee's option irrespective of whether the employer or its carrier had voluntarily initiated a plan.

Here we can find nothing which points to a legislative intent that the 1975 amendment should act retrospectively. The amendment unquestionably represents progress in promoting the highly desirable objective of rehabilitating the industrially disabled. The increased benefits to the seriously injured employee considered by our Supreme Court in *Aetna*

and the amelioration by the Subsequent Injuries Fund of financial burden upon employers obligated to pay benefits for silicosis caused in part by employment by others before the high court in *Erickson* also, both represented legislation of a commendable social objective. Yet in each case our Supreme Court held the enactments to be prospective only in their operation. Something more than a desirable social objective served by the legislation is thus required if we are to infer a legislative intent of retroactivity. We perceive that factor to be the necessity of retroactivity to the purpose of the legislation or some factor extraneous to the purpose alone which leads to the same conclusion. Retrospective operation is not necessary to the rehabilitative purpose of the statute. Legislative action of the 1976 session (Stats. 1976, ch. 428, § 1, p. 1095) which specifies that the 1975 expanded rehabilitation benefits "shall [not] apply to any injured employee whose injury occurred prior to January 1, 1975" is indicative of a legislative finding of lack of that necessity. Prospective operation limits the class of persons entitled to the benefits but does not inhibit the operation of the expanded program. We have not been able to find, and counsel have not pointed us to, any other factor which indicates a legislative intent that the amendment which we here consider should be given retroactive effect.

The board and the applicants rely upon cases such as *Jenkins* v. *Workmen's Comp. Appeals Bd.* (1973) 31 Cal.App.3d 259 [107 Cal.Rptr. 130], and *State Comp. Ins. Fund* v. *Workers' Comp. Appeals Bd. (Silva)*, *supra*, 71 Cal.App.3d 133. Those cases are distinguished from the case at bench by the proposition that they either involve rights accruing after the statutory change so that application of the amendment to the particular case is in fact a prospective application *(Jenkins)* or involve a change in the manner of satisfying a right already existing before the statutory change *(Silva)*. In contrast, the applicants in the case at bench had no right to rehabilitation benefits before the 1975 amendment absent their employers' or their employers' carriers' voluntary adoption of a rehabilitation plan.

The orders of the Workers' Compensation Appeals Board are reversed.

Lillie, Acting P. J., and Hanson, J., concurred.