Filed 2/11/16  Marriage of Kraus CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re the Marriage of JEROME PETER KRAUS and BETTY LOU KRAUS. | |
| JEROME PETER KRAUS,<br><br>    Appellant,<br><br>v.<br><br>BETTY LOU KRAUS,<br><br>    Respondent. | A143940<br><br>(Sonoma County<br>Super. Ct. No. SFL-51815) |

Appellant Jerome Peter Kraus purports to appeal from a December 18, 2014 order denying his motion for a modification of spousal support filed in this family law dissolution matter.  However, the notice of appeal, designated as a cross-appeal, purports to appeal from a judgment after an order granting a summary judgment motion.

Appellant's brief (no reply brief has been filed by appellant after respondent filed her brief on appeal) presents a compilation of disjointed historical facts and claims which fail to comply with many fundamental rules of appellate procedure.  Those deficiencies include the failure to: (1) present legal analysis and relevant supporting authority[1] for each point asserted, with appropriate citations to the record on appeal (*Duarte v. Chino*

___

[1]  Appellant cites no California case law supporting his appeal and three cases from foreign jurisdictions that do not bear directly on the issue he raises in this appeal: one from the Louisiana Court of Appeal, one from the South Carolina Supreme Court, and one from a New Jersey superior court.

1

*Community Hospital* (1999) 72 Cal.App.4th 849, 856); (2) support references to the record with a citation to the volume and page number in the record where the matter appears; and (3) state the nature of the action, the relief sought in the trial court, and to summarize the significant facts, but limited to matters in the record (Cal. Rules of Court, rule 8.204(a)(1)(C), (2)(A), (C)).

Appellant's statement of facts is bereft of any citations to the record. In addition, he appears to have incorporated only his view of the facts. This one-sided presentation of the evidence violates another established rule of appellate practice: an appellant must fairly set forth all of the significant facts, not just those beneficial to him. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

These are not mere technical requirements, but important rules of appellate procedure designed to alleviate the burden on the court by requiring litigants to present their cause systematically so that the court "may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass." (*Landa v. Steinberg* (1932) 126 Cal.App. 324, 325.)

We note that appellant appears before us in propria persona. His unrepresented status in no way excuses the deficiencies in his brief. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267 [" ' "[T]he in propria persona litigant is held to the same restrictive rules of procedure as an attorney" ' "].) Those representing themselves are afforded no additional leniency or immunity from the rules of appellate procedure simply because of their in propria persona status. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) These deficiencies are a separate and independent basis for affirming the order denying appellant's motion to modify spousal support.

It is well settled that a party challenging a judgment has the burden of showing reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 628, p. 704.) " 'It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the only questions

presented are as to the sufficiency of the pleadings and whether the findings support the judgment.' [Citations.]" (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154, see also *Gee v. American Realty & Construction, Inc*. (2002) 99 Cal.App.4th 1412, 1416 [if record is inadequate for meaningful review, the appellant defaults and the trial court's decision should be affirmed.]) In the absence of an adequate record here, we must presume that the court's judgment is correct. On the record before us, no error appears.

## DISPOSITION

The order denying appellant's motion to modify spousal support is affirmed.

_____

RUVOLO, P. J.

We concur:

_____

REARDON, J.

_____

RIVERA, J.

A143940, *In re Marriage of Kraus*

4