[Civ. No. 6658. First Appellate District, Division Two.—May 23, 1929.]

MARCOS B. SORIA, Respondent, v. COWELL PORTLAND CEMENT CO. (a Corporation), Appellant.

Treadwell, Van Fleet & Laughlin and Rodgers & Bray for Appellant.

Ford, Johnson & Bourquin and Jesse G. Benson for Respondent.

NOURSE, J.—Plaintiff sued to recover damages for personal injuries occurring in the course of his employment in the cement plant of the defendant. The jury returned a verdict in favor of plaintiff for $11,500, to which the trial

judge added $500 attorneys' fees, the action being prosecuted under the special provisions of section 29(b) of the Workmen's Compensation Act (Stats. 1917, p. 831), as amended in 1925 (Stats. 1925, p. 495). The defendant has appealed upon a bill of exceptions.

The plaintiff plants his case upon the failure of the defendant to insure against liability to pay compensation to its employees under the act and upon the alleged negligence of the defendant in assigning plaintiff to work upon a cement conveyor in the defendant's plant without having provided any guard or rail to prevent workmen from becoming entangled in the machinery, and, generally, in failing to provide plaintiff a safe place to work.

The evidence of negligence offered by the plaintiff was that this conveyor was fitted with unfastened covers, which lifted off at any time that there was too much cement in the conveyor, leaving the revolving screw, obstructed from view by the loose cement, open and unguarded by a rail or other protection along the side of the conveyor. Plaintiff's duties were to replace these covers on the conveyor in case any of them came off or were forced off by the flow of the dry cement. It was also his duty to watch the tank into which the cement was dumped, to ascertain whether the cement was flowing too rapidly or too slowly, and then to signal the operators in another part of the plant for either more or less cement. Along each side of the conveyor there was a runway leading to the top of the tank; at the lower end of the runway a platform and stairs were provided in case anyone wished to pass over the conveyor from one runway to the other, and the employees were instructed not to cross over the conveyor except at this crossing.

On the day of the accident the plaintiff went below to give instructions to a new employee who did not understand the signals. Upon his return along the right-hand runway he observed that one of the covers had been displaced by too great a flow of cement and one end rested on the left-hand runway. He climbed upon the conveyor box and attempted to lean down and over to the left side of the box to replace the cover. While in this position his leg came in contact with the unguarded revolving screw, resulting in the injury complained of.

On the issue of negligence the plaintiff relies upon the presumption of negligence specified in the act and upon the admitted fact that the revolving screw was left unguarded, while the defendant urges that the protected stairway and the instructions given its employees to use this stairway in crossing casts the entire fault upon the plaintiff. On the issue of insurance, the fact that defendant did not carry any is admitted, but the defendant excuses its failure to insure upon the ground that it had applied to the Industrial Accident Commission for "self-insurance," but that, through the neglect of the commission, permission had not been granted at the time of the accident.

On the issue of negligence the evidence was all in support of the presumption found in the act that "the injury to the employee was a direct result and grew out of the negligence of the employer." This differentiates the case from those cited by appellant to the rule that against a proved fact, or a fact admitted, contrary to a presumption, the presumption has no weight, and there is no conflict. There was no conflict in the evidence as to the conditions under which the machinery was operated, and the jury's finding that these conditions did not constitute a safe place of employment cannot be disturbed. On the issue of contributory negligence of the employee this defense is expressly denied to the employer by the statute.

Appellant complains of the ruling of the trial court refusing to permit it to show that it endeavored to obtain permission for "self-insurance" but was delayed through the fault of the state commission. The evidence was not material to the issues. The statute covers all cases in which the employer is not insured. The fact that an employer intended, or endeavored, to take out insurance has no bearing on the fact that he was not insured at the time of the injury.

Criticism is also made of the ruling denying appellant the opportunity of showing that it had been proceeded against under the penal provisions of the statute and had been acquitted. There was no error in the ruling. If the state were seeking a penalty or forfeiture under the act its previous unsuccessful prosecution under the penal provisions of the act might be a bar, but here the employee is merely acting under the terms of the act which preserve his

common-law right of an action for damages for personal injuries in lieu of compensation under the act when the employer, by his failure to insure, has not accepted the compensation features of the act. Certainly, if the state had no compensation act, but merely a penal statute making it a misdemeanor for an employer to fail to provide a safe place of employment, such statute, or a prosecution under it, could not affect the right of the employee to sue for damages for injuries resulting from the employer's negligence.

The appellant attacks the provisions of the act as unconstitutional. The only cases cited to the point sustain acts containing somewhat similar provisions. Appellant's point is that to subject an employer to the penal provisions of the act and to require him to respond in damages to the employee would result in cruel and unusual punishment of the employer. We would need more than the mere suggestion of the point to hold an act of this character unconstitutional, and we do not feel that it is incumbent upon the court to search the authorities to support this attack upon the act.

In the same spirit the appellant has copied into the brief certain instructions with the bare statement that they were erroneous because covering grounds not specifically alleged in the complaint. The issues were fairly before the jury and we should not be required to analyze each instruction to ascertain if some error might have occurred. Complaint is also made that in some of the other instructions given on the issue of negligence the element of proximate cause was omitted, but the trial judge fully instructed the jury on this element and emphasized the necessity of finding that the negligence was the proximate cause of the injury before it could find for the respondent. It is not necessary that every element should be repeated in every instruction given.

Other points raised do not require consideration.

The judgment is affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 19, 1929, and a peti-

tion by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 22, 1929.

All the Justices present concurred.