[Civ. No. 8149.   Second Appellate District, Division Two.—September 26, 1932.]

MIKE LANDA, Respondent, v. B. STEINBERG, Appellant.

William P. Redmond for Appellant.

Charles Robert McCarty and Robert Black for Respondent.

THOMPSON (IRA F.), J.— ▉ We have before us in this case, which involves an appeal from the judgment in favor of plaintiff as well as from an order denying a motion for new trial, an appellant's brief of 106 pages. The headings appearing therein are as follows: "Statement of Facts", "Appellant's Grounds of Appeal", "Excessive Damages", "The Court Should have Allowed the Defendant to introduce Evidence of Compensation Insurance" and "Defendant Demurs to Plaintiff's Complaint". Under the second heading, "Appellant's Grounds of Appeal", are listed specifications of error designated by letters of the alphabet, commencing with "a" and running to "u". That part of rule VIII of the Rules for the Supreme Court and District Courts of Appeal reading as follows: "The briefs must present each point separately, under an appropriate heading, showing the nature of the question to be presented" was designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass. An appellant's brief which fails to comply is equally confusing to the respondent, who labors under an unwarranted handicap in attempting to understandingly reply. There is no reason— no great or insurmountable difficulty is presented by the rule—why there should not be a compliance. It may possibly be that the heading "Excessive Damages" and the one "The Court should have allowed the Defendants to introduce Evidence of Compensation Insurance" can be construed as a partial meeting of the requirements. For that reason we shall take note of them instead of dismissing the

appeal, but treat the remainder of the brief for what it is, a presentation insufficient to require consideration or comment.

■ Turning, therefore, to the first question, "Excessive Damages", we find no reason whatever assigned from which it may be argued that the verdict is excessive, the appellant contenting himself with the assertion that if $7,500 (the amount of the verdict) is "one-half of the amount of compensatory damages under said section" (subd. 4, sec. 6, Workmen's Compensation Act), "such verdict for $7,500 must necessarily be construed as if it was for $15,000, and excessive damages. That notwithstanding such subdivision 4, of section 6, of said Workmen's Compensation Act, $7,500 is excessive damages." Hence nothing is presented under the heading which requires consideration.

■ By the other point it is urged that the appellant, the defendant, who was neither self-insured nor insured by any carrier of compensation insurance, should have been permitted to prove that "for a period of about seven years" he had had compensation insurance and would have had at the time the respondent, his employee, was injured except for the negligence of his broker. A complete answer to this contention is found in *Soria* v. *Cowell Portland Cement Co.*, 99 Cal. App. 108 [277 Pac. 1061], wherein it is said: "The statute covers all cases in which the employer is not insured. The fact that an employer intended, or endeavored, to take out insurance has no bearing on the fact that he was not insured at the time of the injury."

For the reason that there is no appeal from an order denying a motion for a new trial the order is: Judgment affirmed. Appeal from order denying motion for new trial dismissed.

Craig, Acting P. J., and Stephens, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 25, 1932.