Filed 6/12/14  Estate of Grimes CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

---

Estate of LUCY MAE GRIMES, Deceased.

| | |
|---|---|
| DIANA STARNES as Administrator etc.,<br><br>        Petitioner and Respondent,<br><br>v.<br><br>JEROME L. GRIMES,<br><br>        Objector and Appellant. | A139968<br><br>(San Francisco City & County<br>Super. Ct. No. PES-12-295916) |

---

Appellant Jerome L. Grimes is the son of Lucy Mae Grimes, who died on July 21, 2012.  Appellant appeals from the denial of his motion to have the administrator of his mother's estate, respondent Diana Starnes, submit to DNA testing because he believed her to be an imposter, as a prerequisite to granting a petition to administer the estate of Ms. Grimes.

Appellant's briefs present an unintelligible compilation of disjointed historical facts, accusations, and claims which fail to comply with many fundamental rules of appellate procedure.  Those deficiencies include the failure to: (1) present legal analysis and relevant supporting authority for each point asserted, with appropriate citations to the record on appeal (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856); (2) support references to the record with a citation to the volume and page number in the record where the matter appears; and (3) state the nature of the action, the relief sought in the trial court, the judgment or order appealed from, and summarize the significant facts, but limited to matters in the record (Cal. Rules of Court, rule 8.204(a)(1)(C), (2)(A), (C)).

1

These are not mere technical requirements, but important rules of appellate procedure designed to require litigants to present their cause systematically so that the court " 'may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' " (*Landa v. Steinberg* (1932) 126 Cal.App. 324, 325.)

More importantly, the incomprehensible nature of appellant's briefs makes it impossible for this court to discern what precise legal or factual errors he is claiming were made by the trial judge, and how such errors were prejudicial. We are not required to search the record on our own seeking error. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)

We note that appellant appears before us in propria persona. While this may explain the deficiencies in his briefs, it in no way excuses them. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267 [" ' "[T]he in propria persona litigant is held to the same restrictive rules of procedure as an attorney" ' "].) Appellant's self-represented status does not exempt him from the rules of appellate procedure or relieve him of his burden on appeal. Those representing themselves are afforded no additional leniency or immunity from the rules of appellate procedure simply because of their propria persona status. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

## DISPOSITION

The judgment is affirmed.  In the interest of justice, the parties are to bear their own costs of appeal.

_____
RUVOLO, P. J.

We concur:

_____
RIVERA, J.

_____
HUMES, J.

3