Filed 10/16/15  Rosenberg v. Springpoint Senior Living CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JORDAN ROSENBERG,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SPRINGPOINT SENIOR LIVING, INC. et al.,<br><br>        Defendants and Respondents. | A142709<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-10-505893) |

**I.**

This is the second appeal from judgments entered in favor of certain respondents following the trial court's grant of motions to dismiss appellant's underlying complaint based on a lack of personal jurisdiction.  The first appeal, *Rosenberg v. Springpoint Senior Living, Inc.*, Case No. A133504, was decided by this court in a nonpublished opinion filed on February 6, 2013 (*Rosenberg I*).  We affirmed because of appellant's failure to comply with several fundamental rules of appellant procedure, including the failure to: "(1) present legal analysis and relevant supporting authority for each point asserted, with appropriate citations to the record on appeal (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856); (2) support references to the record with a citation to the volume and page number in the record where the matter appears; and (3) state the nature of the action, the relief sought in the trial court, the judgment or order appealed from, and summarize the significant facts, but limited to matters in the record (Cal. Rules of Court, rule 8.204(a)(1)(C), (2)(A), (C))."  (*Rosenberg I*, at p. 1.)

1

In this second appeal, appellant has once again failed to comply with these aforementioned rules of appellate procedure, requiring that we affirm the judgment below on these grounds. In so doing we reiterate what we attempted to convey in our first opinion, that these rules "are not mere technical requirements, but important rules of appellate procedure designed to alleviate the burden on the court by requiring litigants to present their cause systematically, so that the court 'may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' " (*Landa v. Steinberg* (1932) 126 Cal.App. 324, 325.)" (*Rosenberg I*, at pp. 1-2.)

As in *Rosenberg I*, the unintelligible character of appellant's briefs do not allow us to discern what precise errors he is claiming were made in the trial court, and how he was prejudiced by any such errors. Once again, "[w]e are not required to search the record on our own seeking error. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)" (*Rosenberg I*, at p. 2.)

For these reasons, we affirm the trial court's judgments.

## II.

The judgments are affirmed. In the interests of justice, each side is to bear their own costs on appeal.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
STREETER, J.

2