Filed 4/13/16  Marriage of Linda and Mejia-Linda CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re the Marriage of ROBERT T. LINDA and MARY C. MEJIA-LINDA. | |
| MARY C. MEJIA-LINDA,<br><br>    Appellant,<br><br>v.<br><br>ROBERT T. LINDA,<br><br>    Respondent. | A145055<br><br>(Alameda County<br>Super. Ct. No. HF-13696964) |

Mary C. Mejia-Linda (appellant), acting in propria persona, appears to be appealing from a judgment dated April 28, 2015.  However, no judgment bearing that date, or any judgment relating to the purported subject of this appeal, appears in the record.[1]  No judgment appearing to have been entered, we dismiss this appeal as one being brought to challenge interlocutory orders which are not appealable.  (*Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 962-963; *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 560; Code Civ. Proc., § 904.1.)

---

[1] On June 12, 2015, we received a certificate from the Alameda County Superior Court indicating that no record was being sent from that court to this court, appellant having elected to proceed under California Rules of Court, rule 8.124.  Appellant filed a notice of appeal, which was lodged in this court on May 8, 2015, on Judicial Council form APP-002.  In addition to the aforementioned appeal from a default judgment (checked as "other" on the form), appellant checked each and every box, indicating seven separate types of judgments from which she was appealing.  Only "judgment after jury trial" was left unchecked.

1

In addition, appellant's brief[2] presents an unintelligible compilation of disjointed historical facts, accusations, and claims which fail to comply with many fundamental rules of appellate procedure. Those deficiencies include the failure to: (1) present legal analysis and relevant supporting authority for each point asserted, with appropriate citations to the record on appeal (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856); (2) support references to the record with a citation to the volume and page number in the record where the matter appears; and (3) state the nature of the action, the relief sought in the trial court, the judgment or order appealed from, and summarize the significant facts, but limited to matters in the record (Cal. Rules of Court, rule 8.204(a)(1)(C), (2)(A), (C)).

These are not mere technical requirements, but important rules of appellate procedure designed to alleviate the burden on the court by requiring litigants to present their cause systematically, so that the court "may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass." (*Landa v. Steinberg* (1932) 126 Cal.App. 324, 325.)

Perhaps most importantly, the incomprehensible nature of appellant's brief makes it impossible for this court to discern what precise errors she is claiming were made by the trial judge, and how such errors were prejudicial. We are not required to search the record on our own seeking error. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)

At oral argument held on March 29, 2016, appellant appeared and presented argument. It appears to us from her comments that her claim centers on an order filed by the family law court on February 24, 2015, using Judicial Council form FL-300, and which set a hearing on a request for a default prove-up hearing on April 14, 2015. But, her comments at oral argument appeared to focus on the preprinted admonition on page one of that form order that "[i]f child custody or visitation is an issue in this proceeding, Family Code section 3170 requires mediation before or at the same time as the

[2] No brief was filed by respondent.

2

hearing . . . ."**3** Because appellant indicated at oral argument that she and respondent had no children together, it does not appear that any action was taken by the court relating to child custody.

As previously noted, appellant appears before us in propria persona. While this may explain the deficiencies in her brief, it in no way excuses them. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267 [" ' "[T]he in propria persona litigant is held to the same restrictive rules of procedure as an attorney" ' "].) Appellant's self-represented status does not exempt her from the rules of appellate procedure or relieve her of her burden on appeal. Those representing themselves are afforded no additional leniency or immunity from the rules of appellate procedure simply because of their propria persona status. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

## DISPOSITION

The appeal is dismissed on this court's own motion for the foregoing reasons. In the interest of justice, the parties are to bear their own costs of appeal.

---

**3** There was no appendix filed by appellant as part of the record on appeal as required by California Rules of Court, rule 8.124, another deficiency supporting dismissal of this appeal. (Cal. Rules of Court, rule 8.140.) Instead, the aforementioned order is one of several copies of court orders that appellant appended to an email dated May 26, 2015, directed to the lead clerk of this division.

_____

RUVOLO, P. J.


We concur:


_____

REARDON, J.


_____

STREETER, J.