Filed 1/6/21  Marriage of Carlisle CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re the Marriage of CAROL and WILLIAM CARLISLE. | C086346 |
| CAROL CARLISLE, | (Super. Ct. No. PFL20150037) |
| Respondent, | |
| v. | |
| WILLIAM CARLISLE, | |
| Appellant. | |

The parties were married in 1991, separated in 2014, and plaintiff thereafter commenced marriage dissolution proceedings.  Defendant, an attorney representing himself, appeals from the judgment, raising issues addressed to the enforceability of a postnuptial agreement; his separate property claims; the trial court's division of community property; the parties' post-separation, pre-trial debts; spousal support; attorney fees, costs, and sanctions; and additional contentions.  However, defendant has

1

forfeited his arguments by failing to identify them in proper headings and support them with citation to the record and meaningful legal analysis, and his briefing is insufficient to carry his burden of demonstrating error on appeal.

We affirm.

## DISCUSSION

" 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court of Los Angeles* (1970) 2 Cal.3d 557, 564.)

"It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

With respect to citations to the record, the appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).)[1] "If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) As the reviewing court, we will not perform an independent, unassisted review of the record in search of error or grounds

---

[1] Further undesignated rule references are to the California Rules of Court.

to support the judgment.  (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522 (*McComber*).)

In addition, the appellant must "[s]tate each point under a separate heading or subheading summarizing the point . . . ."  (Rule 8.204(a)(1)(B).)  "This is not a mere technical requirement; it is 'designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' "  (*In re S.C., supra*, 138 Cal.App.4th at p. 408; accord, *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4; *Landa v. Steinberg* (1932) 126 Cal.App. 324, 325 (*Landa*).)  "Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading."  (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179.)

The foregoing rules apply to all litigants, including those who represent themselves on appeal.  (*McComber, supra*, 72 Cal.App.4th at p. 523.)  Defendant is an attorney licensed in California.

Defendant's opening brief consists of 125 pages because we granted his request to exceed the limitation set forth in rule 8.204(c).  The opening brief sets forth no fewer than 65 "issues" in the "Legal Discussion" section.  However, the overwhelming majority of these "issues" do not present points to be reviewed by this court.  Rather, they articulate general principles of law with no indication as to any applicability to this particular case or how they warrant a finding of error and reversal.  In other words, they do not advise us " 'of the exact question under consideration,' " and instead would compel us " 'to extricate it from the mass.' "  (*In re S.C., supra*, 138 Cal.App.4th at p. 408.)  On this ground alone, we conclude defendant has forfeited all issues discussed in the brief but not clearly identified by a heading.  (*Pizarro, supra*, 10 Cal.App.5th at p. 179; rule 8.204(a)(1)(B).)

Additionally, defendant's citations to the record provide us with no assistance in reviewing his claims. His citations to the record are to numbered trial exhibits and to pages in dated trial transcripts. They are not to pages in the appellant's appendix he furnished to this court, and defendant offers no assistance in his opening brief to guide us as to where we may find the matter upon which he relies. Further, defendant's opening brief repeatedly directs us to "see" pages of dated trial transcripts, with no indication as to what we are to find there or how it aids him in his attempts to meet his burden on appeal to demonstrate error.

Moreover, in the "Legal Discussion" section of the opening brief, instead of providing citations to the record, defendant refers us to other parts of the brief that contain the deficient citations to the record discussed *ante*. " 'Any statement in a brief concerning matters in the appellate record—whether factual or procedural and no matter where in the brief the reference to the record occurs—*must be supported by a citation to the record*.' " (*Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 970.) Because a citation must be provided for "any reference to a matter in the record" (rule 8.204(a)(1)(C)), it is not enough for the appellant to provide citations to the record in the "Factual Background" portion of the opening brief; the appellant must also provide pertinent citations to the record in the "Argument" portion of the brief. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16.) An appellant's "failure to cite to the record precludes it from demonstrating the trial court erred" in its resolution of the matters before it. (*Professional Collection Consultants*, at p. 970.) We may thus "disregard contentions unsupported by proper page cites to the record." (*Ibid.*)

Furthermore, as plaintiff points out, defendant's citations to the reporter's transcript in his opening brief are inaccurate. Defendant cites to the trial transcript by identifying the trial or proceeding date and a page number or range. However, the pages cited do not correspond to pages of the reporter's transcript. By way of example, in his first citation to trial proceedings, he cites to trial on February 28, 2017, and he cites to

4

pages between 33 and 60.  There is a transcript of trial proceedings on February 28, 2017.  However, it appears at pages 465 through 625 of the reporter's transcript.  Thus, defendant's citations do not correspond to the reporter's transcript before us.  " 'We are a busy court which "cannot be expected to search through a voluminous record to discover evidence on a point raised by [a party] when his brief makes no reference to the pages where the evidence on the point can be found in the record." ' " (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 745.)  By the same reasoning, we cannot be expected to search through a voluminous record to find evidence on a point raised by a party when the party's brief does cite pages in the record but does so in an inaccurate and incomprehensible manner offering us no assistance in finding the evidence.

We acknowledge that defendant attempted to rectify some of these shortcomings in his reply brief after they were pointed out by plaintiff.  For example, he attempted to provide a sort of guide to his citation to the reporter's transcript.  However, his efforts are too little and too late.  Accepting defendant's briefing would require plaintiff to respond to all of defendant's opening brief arguments without the benefit of the guidance he has attempted to provide in his reply brief.  "An appellant's brief which fails to comply is equally confusing to the respondent, who labors under an unwarranted handicap in attempting to understandingly reply." (*Landa, supra*, 126 Cal.App. at p. 325.)  Moreover, defendant's guidance in his reply brief does not make our job any more manageable, as it would require us to constantly cross-reference record citations in his opening brief with explanations in his reply brief.  Indeed, defendant's attempts to clarify his opening brief by explaining where evidence in the record can be found and the significance of that evidence spans a substantial portion of his 105-page reply brief.  Moreover, after attempting to furnish this clarification, defendant in his reply brief repeatedly devolves into his habit of failing to cite to the record.

The opening brief does contain citation to authority.  However, it does not contain "meaningful legal analysis supported by citations to authority . . . ." (*In re S.C., supra*,

5

138 Cal.App.4th at p. 408.)  Instead, it contains citation to authority supporting the general principles of law stated in the headings.  Defendant's brief does not describe how the authorities cited support his legal analysis, nor is that legal analysis "meaningful."

In addition to pointing out the deficiencies in defendant's briefing, plaintiff also raises shortcomings in defendant's preparation of the appellant's appendix, asserting that it lacks a notice of appeal and "[a]ny notices or stipulations to prepare . . . reporter's transcripts or to proceed by agreed or settled statement."  (Rule 8.122(b)(1)(A), (E) [required contents of clerk's transcript]; rule 8.124(b)(1)(A) [appendix must contain "[a]ll items required by rule 8.122 (b)(1)"].)  The appendix does not contain alphabetical and chronological indexes at the beginning of the first volume.  (Rule 8.144(b)(5)(A) ["clerk's transcript must contain, at the beginning of the first volume, alphabetical and chronological indexes listing each document and the volume, where applicable, and page where it first appears"]; rule 8.124(d)(1) [appendix must comply with the requirements of rule 8.144 for a clerk's transcript].)  Nor is it arranged chronologically as the rules require.  (Rule 8.144(b)(2)(C) [clerk's transcript must be arranged chronologically]; rule 8.124(d)(1).)  The purpose of these requirements is to assist the appellate court in its review of the record.

Based on the principles we have articulated *ante*; we need not attempt to untangle the issues purportedly raised by defendant's opening brief.  Defendant's opening brief does not contain separate headings summarizing the points to be made, workable citations to the record, or meaningful legal analysis with citation to relevant authority.  The rules are critical, because, without a detailed presentation that demonstrates prejudicial error, we cannot reverse.  Defendant's briefing fails on all of the grounds addressed here.  Moreover, this recitation of the shortcomings of defendant's briefing and appellant's appendix is not exhaustive.  Defendant has forfeited his claims of error, and his brief is, in any event, insufficient to satisfy his burden as the appellant to demonstrate error on appeal.

Finally, we find it necessary to remark on defendant's frequent intemperate remarks about the trial court judge. In his opening brief, defendant characterizes the trial court's ruling as "highly punitive," asserting that the trial judge "appears to have simply adopted the proposed Statement of Decision filed by opposing counsel, reflecting her customary deference to opposing counsel as well as her animosity towards me." He asserts that the trial court's ruling demonstrated the trial judge's "bias and abuse of discretion," and further asserts that the trial judge's division of the parties' assets reflected her bias, "ruined [his] life, and is punishing [him] severely although [he] ha[s] not committed any crime." He asserts that "because of her bias and prejudice in this matter, [the trial court judge] refused to take the obvious into consideration."

"Disparaging the trial judge is a tactic that is not taken lightly by a reviewing court." (*In re S.C., supra*, 138 Cal.App.4th at p. 422.) In light of the multitude of shortcomings in defendant's briefings, we are unable to delve into the merits of his appeal. As a result, we will not further address defendant's claims of judicial bias. However, we will caution that counsel, or, in this case, a party appearing in propria persona, "better make sure he … has the facts right before venturing into such dangerous territory" as disparaging the trial court judge "because it is contemptuous for an attorney to make the unsupported assertion that the judge was 'act[ing] out of bias toward a party.' " (*Ibid*.)

7

## DISPOSITION[2]

The judgment is affirmed.  Plaintiff shall recover her costs on appeal.  (Rule 8.278(a)(1), (2).)

/s/
MURRAY, J.

We concur:

/s/
RAYE, P. J.

/s/
BLEASE, J.

---

[2]  Plaintiff asserts that defendant's appeal is frivolous and dilatory, and that defendant should be sanctioned.  (Rule 8.276; Cal. Code Civ. Proc., § 907.)  For us to determine whether defendant's appeal is frivolous or dilatory would require us to address the merits of the issues raised on appeal.  As we have stated, the briefing renders us unable to do so.  Similarly, while plaintiff asserts defendant should be sanctioned for his remarks about the trial court judge, we have not considered defendant's claims of judicial bias.  Accordingly, we decline to impose sanctions on defendant.