Filed 10/10/22  Marriage of Jordan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| In re the Marriage of CASSANDRA HELEN LEHMAN and TIMOTHY LAWRENCE JORDAN. | C094369 |
| CASSANDRA HELEN LEHMAN JORDAN, | (Super. Ct. No. FL14011262) |
| Appellant, | |
| v. | |
| TIMOTHY LAWRENCE JORDAN, | |
| Respondent. | |

Cassandra Helen Lehman Jordan, appellant appearing in pro. per., appeals from a judgment dissolving the parties' marriage.  Appellant filed a 53-page opening brief that is rambling and irrelevant.  Untethered to the principles of law governing the trial court's ruling and the limited scope of appellate review, appellant does little more in her brief than express frustration with the family law system, the trial court, and her now ex-husband.

1

In a challenge to a judgment, the trial court's judgment is presumed to be correct and the appellant has the burden to prove otherwise by presenting legal authority and analysis on each point made, supported by appropriate citations to the material facts in the record, else the argument may be deemed forfeited. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) It is the appellant's responsibility to support claims of error with citation and authority; we are not obligated to perform that function on the appellant's behalf and may treat the contentions as forfeited. (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 113; *Badie*, at pp. 784-785.)

Appellant must present each point separately in the opening brief under an appropriate heading, showing the nature of the question to be presented and the point to be made. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.) This is not a mere technical requirement; it is essential to the appellate process. Appellants must "present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised . . . of the exact question under consideration, instead of being compelled to extricate it from the mass." (*Landa v. Steinberg* (1932) 126 Cal.App. 324, 325; accord, *Opdyk*, at p. 1830, fn. 4.)

Appellant's opening brief fails on all of these grounds. Under the circumstances, she has forfeited her claims of error.

# DISPOSITION

The judgment is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
HULL, J.