Filed 3/7/23  Marriage of Hall CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re the Marriage of JEFFREY and CYNTHIA HALL. | C095773 |
| JEFFREY HALL,<br><br>        Respondent,<br><br>    v.<br><br>CYNTHIA HALL,<br><br>        Appellant. | (Super. Ct. No. S-DR-0059351) |

Cynthia Hall, appellant appearing in pro. per., appeals from an order after trial that, among other things, set temporary spousal support, divided the community estate, and identified the parties' separate property.  In her Notice of Appeal, appellant identifies the minutes from the February 3, 2022, trial as the order from which she appeals.  The trial court, however, directed the Court Facilitator to prepare a formal Findings and Order After Hearing.  The appeal thus lies from the formal order, and not the minutes.  (Cf.

1

*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1089-1090 [minute order is not appealable if the court directs a formal order to be prepared].)  Accordingly, as we must, we liberally construe the notice to be from the Findings and Order After Hearing filed on February 10, 2022.  (Cal. Rules of Court, rule 8.100(a)(2).)

In a challenge to a judgment, the trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority and analysis on each point made, supported by appropriate citations to the material facts in the record, otherwise the argument may be deemed forfeited.  (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)  "[W]e may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation]."  (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

Appellant also must present each point separately in the opening brief under an appropriate heading, showing the nature of the question to be presented and the point to be made.  (Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.)  This is not a mere technical requirement; it is essential to the appellate process.  Appellants must "present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised . . . of the exact question under consideration, instead of being compelled to extricate it from the mass."  (*Landa v. Steinberg* (1932) 126 Cal.App. 324, 325; accord, *Opdyk, supra*, at p. 1830, fn. 4.)

Appellant's opening brief fails on all of these grounds.

In addition, despite filing a 19-page opening brief, appellant failed to make a single legal argument for us to consider on appeal.  Unfamiliar with the principles of law governing the trial court's ruling and the limited scope of appellate review, she does little more than express frustration with her ex-husband, the judicial process, and the family

2

court system.  Appellate courts are not required to consider claims of an error where the appellant "merely complains of them without pertinent argument."  (*Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873-874.)

Finally, although appellant filed her Notice of Appeal on February 18, 2022, appellant repeatedly asks this court to review orders recorded in a June 29, 2022 order. That order is not part of the record on appeal.  Thus, we could not consider claims related to that order even if appellant had supported them with pertinent arguments.

As a party appearing in pro. per., she " 'is entitled to the same, but no greater consideration than other litigants and attorneys.'  [Citations.]"  (*Tanguilig v. Valdez, supra,* 36 Cal.App.5th at p. 520.)  Under the circumstances, appellant has forfeited her claims of error.

DISPOSITION

The judgment is affirmed.

 

 

_____

        HULL, Acting P. J.

 

We concur:

 

 

_____

EARL, J.

 

 

_____

BOULWARE EURIE, J.