Filed 8/8/23  Takai v. FCA US CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JEFFREY K. TAKAI,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>FCA US LLC et al.,<br><br>    Defendants and Respondents. | G061170<br><br>(Super. Ct. No. 30-2019-01097922)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Melissa R. McCormick, Judge.  Affirmed.

Law Offices of Jim O. Whitworth and Jim O. Whitworth for Plaintiff and Appellant.

Horvitz & Levy, Lisa Perrochet and Jonathan Z. Morris; Clark Hill, Michael B. Sachs and Brian M. Hom for Defendant and Respondent FCA US LLC.

Schlichter, Shonack and Keeton, Kurt A. Schlichter, Steven C. Shonack and Kim Tabin Mann for Defendant and Respondent Mike Thompson Recreational Vehicles.

## INTRODUCTION

This case demonstrates the importance of adequate briefing. As we have said in the past, "appellate practice entails rigorous original work in its own right. . . . [T]he appellate brief offers counsel probably their best opportunity to craft work of original, professional, and, on occasion, literary value." (*In re Marriage of Shaban* (2001) 88 Cal.App.4th 398, 410.) Appellant's brief cannot be said to be even minimally compliant with the California Rules of Court, let alone a "work of literary value." There is little for us to consider, because despite 43 pages of briefing, appellant says very little that is coherent. If there are arguable issues in this brief, they are obscured by cant, vitriol and borderline contempt. We were unable to discuss this with counsel because he did not appear for oral argument. We have no choice but to affirm the trial court's judgment.

## FACTS

Jeffrey Takai, a dentist and dental surgeon, purchased a 2018 Hymer Banff recreational vehicle (RV) from Mike Thompson Recreational Vehicles (MTRV) in October 2018. The total purchase price was $124,200.80. The RV was manufactured by Erwin Hymer Group, and it contained a chassis manufactured by FCA US LLC (FCA).

In September 2019, Takai filed a complaint against FCA and MTRV claiming breaches of express and implied warranties under the Song-Beverly Consumer Warranty Act, Civ. Code, § 1790 et seq.[1] Specifically, there were three causes of action. The first was against FCA for breach of express warranty. The second was against both defendants for breach of implied warranty. And the third was a fraud claim against MTRV only. The fraud claim alleged MTRV concealed it had altered the vehicle's odometer to make the vehicle appear new. Also, Takai alleged MTRV concealed known issues with the vehicle's electrical system.

---

[1] Ironically, Takai did not choose to sue Erwin Hymer, the actual manufacturer of his RV.

The case was initially set for trial in April 2021, and was on the trailing trial list for three days until it was reset for October 25, 2021. Takai, meanwhile, had filed discovery motions, seeking to compel depositions of nine MTRV employees. Discovery closed on March 22, and these motions to compel were denied on May 27 and June 3, 2021.

On July 23, 2021, Takai filed motions to compel the same depositions plus the deposition of MTRV's retained expert, Michael Stapleford. However, he scheduled these for hearing in November 2021, *after* the continued trial date. The motions were ultimately denied as untimely on October 1. In deeming the motions untimely, the trial court noted that discovery had closed on March 22, 2021, prior to the initial April 19 trial date. Discovery had not been reopened after the initial cutoff.

Plaintiff then filed an ex parte application to continue trial and reopen discovery. The court denied it on October 21, 2021, stating Takai had failed to support his motion and demonstrate good cause.

After both sides waived a jury trial, the matter was tried to the court over the course of several days. After Takai rested his case-in-chief, the trial court granted motions by FCA and MTRV for judgment pursuant to Code of Civil Procedure section 631.8.[2] FCA received judgment as to both causes of action against it, and MTRV received judgment in its favor as to the fraud claim only. The court proceeded with trial as to the breach of implied warranty claim against MTRV. After hearing testimony from Stapleford and MTRV employee Alexander Distler, the court took the matter under submission, ultimately ruling in favor of MTRV on the remaining claim.

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise indicated. Section 631.8 states in part: "After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment." (*Id.*, subd. (a).)

3

Takai appeals but deciphering the basis for his appeal is no easy task. His notice of appeal states he appeals an order granting summary judgment. Summary judgment was never granted to any defendant; in fact, MTRV's motion for summary judgment was denied on March 19, 2021. We will consider this a typographical error because both respondents in their briefing treat the appeal as being from the final judgment. (See *Fryer v. Kaiser Foundation Health Plan* (1963) 221 Cal.App.2d 674, 677; see also Cal. Rules of Court, rule 8.100, subd. (a)(2) ["The notice of appeal must be liberally construed."].)

But the problems unfortunately do not stop there. Takai's briefing is imprecise, meandering, and difficult to follow. He purports to raise six separate issues for appeal, but addresses only two of the issues under separate subheadings. (See Cal. Rules of Court, rule 8.204, subd. (a)(1)(B) [A brief must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority"].) And he fails to provide citations to the record for many of his factual assertions. (*Id.*, subd. (a)(1)(C).) "Because it is the Appellant[']s[] burden to affirmatively demonstrate error, [he] must provide citations to the appellate record directing the court to the evidence supporting each factual assertion." (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684 .) "The reviewing court is not required to develop the parties' arguments or search the record for supporting evidence and may instead treat arguments that are not developed or supported by adequate citations to the record as waived." (*Ibid.*) Our review of appealed issues is limited to those adequately raised and supported by the briefing. (See *Dinslage v. City and County of San Francisco* (2016) 5 Cal.App.5th 368, 379.)

Here, Takai tries to raise the following issues: (1) whether the trial court should have permitted discovery to be reopened, (2) whether judgment should have been granted as to MTRV on the fraud claim, (3) whether FCA's motion for judgment was

4

properly granted, (4) whether Stapleford should have been permitted to testify, (5) whether MTRV employee Alexander Distler should have been permitted to testify, and (6) whether the trial court should have entered a directed verdict in Takai's favor. So far as we can tell, only the first and the fourth issues are addressed in any depth or detail in the brief under a separate subheading. "The purpose of requiring headings and coherent arguments in appellate briefs is 'to lighten the labors of the appellate [courts] by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' (*Landa v. Steinberg* (1932) 126 Cal.App. 324, 325.)" (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.) We therefore only review the issues we are able to understand from the brief.

## I.        Discovery CutOff

Takai contends the trial court erred in "denying" him discovery, resulting in a denial of due process. This is a non-specific argument. When and through what order or ruling does Takai claim the trial court did this? He refers to his motions to compel depositions, which he believes were improperly denied. He also argues his ex parte application for trial continuance was improperly denied. But he doesn't go further than to reference the COVID-19 pandemic as a reason for the delay in discovery and trial. The argument is not cogently presented.

To the extent Takai claims there was good cause to continue the trial based on the pandemic, he does not show he ever argued this point to the trial court. Indeed, he does not include in his appendix a copy of the ex parte application he made to continue the trial. What we are presented with amounts to little more than, "There was a pandemic; I should have been given more time."

The trial court's minute order denying his application also states discovery had been cut off as of March 22, 2021. Clearly, when the April trial date was reset to

5

October, discovery deadlines were not extended with it.  The trial court also noted Takai had not demonstrated good cause to reopen discovery under any of the statutory factors. Takai does not address this ruling in any detail.  We cannot presume the court abused its discretion; it is Takai's burden to show it did, and he has not.

## II.          Expert Testimony of Stapleford

Takai also argues that Stapleford, as MTRV's vehicle expert, was permitted by the trial court to testify as to ultimate facts, in violation of *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*).  Though he provides no pinpoint citation from *Sanchez*, we assume he means this principle announced in the case: "When any expert relates to the jury case-specific out-of-court statements, and treats the content of those statements as true and accurate to support the expert's opinion, the statements are hearsay."  (*Sanchez*, *supra*, 63 Cal.4th at p. 686.)

Once again, Takai's argument is non-specific.  He does not provide a citation to the record to show where Stapleford allegedly testified about out-of-court statements and couched them as facts.  Based on our review of Stapleford's testimony, he never did anything like this.  Takai seems most concerned that Stapleford testified about damage to the underbody panel of the RV and the alternator field wire.  But Stapleford said he personally observed this damage during an inspection of the vehicle conducted as part of the discovery process.  Based on this damage, Stapleford ascertained the batteries for the generator would not have been able to properly charge, which was a major complaint Takai had about the vehicle.  There was no out-of-court statement admitted for its truth and appellant's briefing provides us with no cogent explanation of the photographic evidence he complains about vociferously.

In short, while appellant's brief suggests many terrible things, we are unable to find error in the few specifics he has directed us to.

6

**DISPOSITION**

The judgment is affirmed.  Respondents to recover their costs on appeal.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.

7