Filed 8/27/24  Marriage of Simmons CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of FRANK RONALD SIMMONS II AND MARIA CARINA SIMMONS. | |
| FRANK RONALD SIMMONS II,<br><br>    Appellant,<br><br>        v.<br><br>MARIA CARINA SIMMONS,<br><br>    Respondent. | F087416<br><br>(Super. Ct. No. 23CEFL00918)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Pahoua Lor, Judge.

Frank R. Simmons, in pro. per., for Appellant.

No appearance made by Respondent.

-ooOoo-

---

\*        Before Franson, Acting P. J., Smith, J. and Snauffer, J.

This matter concerns the dissolution of the marriage of Frank Ronald Simmons II (petitioner/appellant) and Maria Carina Simmons (respondent). Both parties were self-represented in the family court. Frank Simmons is self-represented on appeal as well; Maria Simmons did not make an appearance on appeal.

Frank Simmons challenges the family court's ruling—after a court trial—on the validity of a marital separation agreement signed by Frank Simmons and Maria Simmons. The trial court ruled that "wife signed the marital separation agreement under duress and it was not entered into voluntarily." Accordingly, the family court declined to enforce the marital separation agreement.

We affirm the family court's ruling that the marital separation agreement was invalid.

**BACKGROUND**

The factual and procedural background of this matter is difficult to decipher as the clerk's transcript appears to be incomplete and there is no reporter's transcript in the record on appeal.

Frank Simmons and Maria Simmons were married in 2006. They have a son (born in 2006) and a daughter (born in 2014). According to the register of actions included in the clerk's transcript, Frank Simmons filed in the Fresno County Superior Court, a "petition for dissolution with children" on March 1, 2023. (Some capitalization omitted.) The record indicates that Maria Simmons thereafter filed, on April 24, 2023, a request for order as to child custody/visitation, child support, and spousal support (RFO). It appears Frank Simmons filed responsive declarations on May 17, 2023, July 14, 2023, and November 1, 2023.

The family court held hearings on the RFO on June 21, 2023, and July 19, 2023, among other dates. After the July 19, 2023 hearing, the family court issued a minute order that noted:

2.

"Court allows parties to address the court. Husband states the parties already have an upcoming mediation appointment and return from mediation court date. Today, he is here to address the contract that the parties have already and property control of the [marital] home.

"The Request for Order for child custody/visitation/spousal support will trail to court date of 9/6/2023 to be heard. If the parties can reach an agreement at the 8/29/2023 mediation appointment, then they can let the mediator know that they have a full agreement and the mediator will contact one of the courtrooms to have a judge sign the parties['] full agreement.

"As to issue of property control, court allows father to address the court and he is residing in the home with the son.

"Husband states there is a contract that is valid but the wife objects to that contract and states there are issues with it. Court indicates to the parties that the court can set a contested hearing if she is still objecting to that contract.

"After hearing from the parties, the court will make the following temporary orders:

"-Husband is given temporary exclusive use, possession and control of the [marital residence] with all encumbrances, taxes, liabilities, and costs associated with said residence and that issue will be addressed again at the next court date on 9/6/2023.

"Court sets matter over for trial on the issue of:

"-contract (if the separation agreement is a valid contract)

"-Trial – 10/23/2023 at 1:30 p.m. Department 201 (estimated: 1/2 day)"

The record indicates the parties thereafter reached full agreement in mediation through Family Court Services on the issues of child custody and visitation; on September 6, 2023, the family court signed off on the parties' agreement in a child custody and visitation order.

On October 23, 2023, the family court went over some preliminary matters with the parties, in connection with the trial on the question of the validity of the marital

separation agreement that the parties had previously signed.  The trial on the issue took place on November 16, 2023.  Both Frank Simmons and Maria Simmons testified at trial.  The matter was continued to November 30, 2023.  The court's minute order for the November 30, 2023 trial proceeding notes:  "Court goes over the separation agreement with the parties and over the items listed in the agreement to determine if the parties can agree to anything without prejudice to their respective positions on the validity of the agreement itself."  The minute order also notes:  "Court summarizes the parties' agreement on certain issues.  After further discussion the parties cannot reach a global agreement on all issues.  Court allows parties to provide testimony, evidence and argument as to the validity and enforce[ability] of the separation agreement."

The court's minute order for the trial proceeding on November 30, 2023, further states:

> "After hearing from the parties, the court will make its ruling and order:

> "--Exhibit 'B' – audio recording is relevant to this proceeding.

> "--Court states that the parties were experiencing extreme marital issues at the time the separation agreement was signed.  These marital issues included Husband taking Wife's vehicle without her consent from school and only giving it back if she signed documents (not the separation agreement and undisputed by Husband).

> "--Court finds wife credible in her statements about her state of mind and Husband's conduct at the time the separation agreement was signed.

> "--Court also relies on Husband's admission and statement that he suffers from anger related issues and he believed that Wife was having an affair at the time the separation agreement was signed.

> "--Court finds that wife signed the marital separation agreement under duress and it was not entered into voluntarily.

> "As to Husband's request for bifurcation, the Court will deny the request without prejudice on today's date, but continue the request to January 29, [2024] at 8:30 in department 201….

4.

"Continued court hearing on January 29, [2024] at 8:30 in department 201.

"In open court, the court returned the parties exhibits back to them and they signed out the exhibit form verifying that they did receive their exhibits back."

Meanwhile, on December 28, 2023, Frank Simmons commenced the instant appeal.

## DISCUSSION

### I.     Trial Court's Ruling to Effect Marital Separation Agreement Was Invalid

Frank Simmons challenges the family court's finding that "wife signed the marital separation agreement under duress and it was not entered into voluntarily."  Preliminarily we note that Frank Simmons's appeal appears to be premature as the family court had continued the matter for a further hearing on various disputed issues related to the dissolution petition and judgment had not yet been entered.  In any event, we detect no merit in Frank Simmons's contentions.

Frank Simmons does not cite proper authority to establish the appropriate standard of review or the legal framework applicable to the question of duress in the context of contract law.  Frank Simmons simply argues that the family court's factual finding that Maria Simmons signed the marital separation agreement under duress is not supported by substantial evidence.  However, Frank Simmons's sufficiency-of-the-evidence argument is unavailing given there is no reporters' transcript in the record on appeal; we cannot evaluate his contentions in the absence of the reporter's transcript of the trial.  (See *County of Solano v. Vallejo Redevelopment Agency* (1999) 75 Cal.App.4th 1262, 1274 [party challenging court's factual findings must set forth all relevant evidence or argument is forfeited]; *Rubin v. Los Angeles Fed. Sav. & Loan Assn.* (1984) 159 Cal.App.3d 292, 296 [" 'The law is well settled that an appeal on the clerk's transcript and certain exhibits only is to be treated as an appeal on the judgment roll…. [¶]  Since it is impossible to determine from the clerk's transcript what evidence the trial court heard

5.

and considered, this court must assume there was substantial evidence to support the order.' "]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporters transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error."]; *Cosenza v. Kramer* (1984) 152 Cal.App.3d. 1100, 1102 [where appeal arises from a partial clerk's transcript, the evidence is conclusively presumed to support the judgment].)

Accordingly, we reject Frank Simmons's contention that the trial court's factual findings underpinning its determination that the marital separation was invalid, are not supported by substantial evidence. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [appellate briefs must provide a summary of the significant facts relevant to the appeal and citations to the record]; Cal. Rules of Court, rule 8.204(a)(2)(C) [an appellant's opening brief must "[p]rovide a summary of the significant facts limited to matters in the record"]; *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn. 4 [appellant must present his case arranged in a manner so this court can ascertain the facts and the rule of law applicable to each issue].)

## II. Related Evidentiary Claims

As part of his argument that the trial court's ruling on the validity of the marital separation agreement was not supported by substantial evidence, Frank Simmons makes several scattershot arguments regarding evidence admitted by the family court at the trial on this issue. These issues are not properly briefed; the arguments are jumbled together and are not supported by relevant legal authority. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["[I]t is appellant's burden to affirmatively show error. [Citation.] To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error."]; *Landa v. Steinberg* (1932) 126 Cal.App. 324, 325 [litigants are required to "present their

6.

cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass"].) Accordingly, Frank Simmons's evidentiary arguments, related to his substantial evidence challenge to the trial court's ruling on the validity of the marital separation agreement, are unavailing.

We will address one of Frank Simmons's evidentiary arguments in more detail. As part of his sufficiency-of-the-evidence challenge to the family court's finding that Maria Simmons signed the marital separation agreement under duress, Frank Simmons contends the family court erroneously admitted an audio recording of an argument between Frank Simmons and Maria Simmons. The audio recording is not included in the record on appeal, only a transcript of the recording appears in the record; a notation on another document in the record suggests the audio recording was made by a person called Araceli Murillo.

Frank Simmons filed a motion in limine in which he contended the audio recording was inadmissible under Penal Code section 632. The record indicates the family court heard argument from the parties on the question of the admissibility of the audio recording and ultimately admitted the audio recording. There is no reporters transcript of the motion in limine hearing in the record, and the clerk's transcript only reflects a determination by the family court that the audio recording was "relevant to this proceeding." Frank Simmons challenges the family court's ruling admitting the audio recording.

A trial court's ruling on a motion in limine is generally reviewed for abuse of discretion. (*Malinowski v. Martin* (Aug. 22, 2024, A167187) __ Cal.App.5th __ [p. 17].) The Privacy Act bars the recording of a "confidential communication" without the consent of all parties to the communication. (Pen. Code, § 632, subd. (a).) A " 'confidential communication' means any communication carried on in circumstances as

7.

may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive, or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." (*Id.*, subd. (c).) Evidence obtained in violation of this statute is not admissible in any judicial, administrative, legislative, or other proceeding. (*Id.*, subd. (d).)

The test of confidentiality is objective. (*Malinowski v. Martin*, *supra*, __ Cal.App.5th __ [p. 18].) The confidentiality of a communication is determined in accordance with the following test: " ' "[U]nder [Penal Code] section 632 'confidentiality' appears to require nothing more than the existence of a *reasonable expectation* by one of the parties that *no one* is 'listening in' or *overhearing the conversation*." ' " (*Malinowski v. Martin*, *supra*, __ Cal.App.5th __ [p. 18], italics added.)

Here, Frank Simmons has not established, *with citations to the record*, that the communication at issue in the audio recording was a confidential communication for purposes of Penal Code section 632, in that he *reasonably expected* that it would not be overheard. The record on appeal is devoid of any facts or evidence regarding the circumstances under which the argument at issue occurred (as noted, there is no reporters transcript of the motion in limine hearing or of the trial on the question of the validity of the marital separation agreement).

Given the silent record, we imply any findings necessary to support the family court's order admitting the audio recording at issue (here, the court's order encompasses an implied finding that the recording at issue did not capture a confidential communication as defined in Pen. Code, § 632, subd. (c)). (See *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718; *Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.) Indeed, " 'A judgment or order of the lower court is *presumed*

*correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) In sum, Frank Simmons's assertion that the trial court erred in admitting the audio recording at issue, fails.

Moreover, even had we found the family court erred in admitting the audio recording, it would not help Frank Simmons because his ultimate claim is that the family court's ruling that the marital separation agreement was invalid is not supported by substantial evidence. As discussed above, that claim is forfeited because the record on appeal does not contain the reporters transcript of the trial on that issue.

## III. Miscellaneous Contentions

Finally, Frank Simmons argues: "The trial court erred by exercising excessive discretion, or Abuse of Discretion, to rule in favor of the respondent, and was inequitable in its application of legal statutes, local court rules, and while hearing evidence and testimony, during the proceedings, and by making discriminatory presumptions about the mental health and credibility of the petitioner, thereby also violating the CA Code of Judicial Ethics."[1] Frank Simmons's contentions are not clearly set forth and are not supported by appropriate legal authority. These contentions, along with other miscellaneous unsupported contentions, are unavailing. (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th

---

[1] At oral argument, Frank Simmons stated that the family court was not empathetic with respect to the fact he suffers from posttraumatic stress disorder on account of his past military service. However, in the absence of a reporters transcript of the proceedings, we cannot evaluate any comments made by the family court in this context.

1066, 1078 ["Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review."].)

## DISPOSITION

The family court's ruling on the question of the validity of the parties' marital separation agreement is affirmed. Each side to bear his or her own costs on appeal.