Filed 9/11/23  Marriage of Grant CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re the Marriage of WYKELA and TERRY GRANT. | C096122 |
| WYKELA HOLLIE GRANT,<br><br>Respondent,<br><br>v.<br><br>TERRY MARLOWE GRANT,<br><br>Appellant. | (Super. Ct. No. STAFLDWOC20190006083) |

Terry Marlowe Grant, appellant, appearing in propria persona, appeals from an order on submitted issues following five days of trial between April 2021 and April 2022. Among other things, the order terminates the trial court's jurisdiction over spousal support, directs the parties to share equally in the proceeds from the sale of the marital

residence, and provides the parties each must pay their own attorney fees.  The court expressly made no orders regarding community debt, citing a lack of evidence.

Appellant's opening brief purports to raise numerous claims on appeal. Unfamiliar with the principles of law governing the trial court's ruling and the limited scope of review in this court, however, he makes numerous claims of error but offers no relevant citations to the record or the law to support those claims.  Appellant has thus failed to meet his burden on appeal, and we affirm the order of the court.

## DISCUSSION

It is a fundamental principle of appellate procedure that a trial court order or judgment is ordinarily presumed to be correct, and the burden is on an appellant to affirmatively demonstrate the trial court committed an error that justifies reversal of the order or judgment.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 822.)  To meet this burden, an appellant must provide a cogent legal argument in support of his claims of error with citation to legal authority, as well as supporting references to the record.  (Cal. Rules of Court, rule 8.204(a)(1)(B), (C); *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)  We are not obligated to perform this function on the appellant's behalf and may treat the contentions as forfeited.  (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 113; *Badie,* at pp. 784-785.)  "[C]onclusory claims of error will fail."  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Appellant must also present each point separately in the opening brief under an appropriate heading, showing the nature of the question to be presented and the point to be made.  (Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.)  This is not a mere technical requirement; it is essential to the appellate process.  Appellants must "present their cause

2

systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised . . . of the exact question under consideration, instead of being compelled to extricate it from the mass." (*Landa v. Steinberg* (1932) 126 Cal.App. 324, 325; accord, *Opdyk,* at p. 1830, fn. 4.)

Self-represented litigants are held to the same standards as attorneys and must comply with the rules of procedure. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) Appellant's opening brief fails on all of these grounds. Under the circumstances, appellant has forfeited his claims of error.

## DISPOSITION

The trial court's order is affirmed. The parties to bear their own costs on appeal, if any. (Cal. Rules of Court, rule 8.278 (a)(5).)


              /s/
              HORST, J.*



We concur:


      /s/
HULL, Acting P. J.


      /s/
ROBIE, J.

_____

\* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.